EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LORENZO ROLDÁN, acusado y apelanté.

No. 4488.—*Sometido:* Noviembre 17, 1931. *Resuelto:* Diciembre 22, 1931.

*José L. Márquez Jr.*, abogado del apelante; *R. A. Gómez, Fiscal*, abogado de *El Pueblo*, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Lorenzo Roldán fué acusado de haber ejercido ilegalmente la cirugía dental. La Corte Municipal de Aguadilla ante la que se formuló la denuncia lo declaró culpable. Apeló para ante la corte del distrito y también fué por ella condenado. Recurrió entonces para ante este Tribunal Supremo.

Los autos se elevaron completos y el alegato del apelante

es muy extenso. Contiene ocho señalamientos de error. Sólo hay uno importante, el primero, que se formula así:

"Cometió error manifiesto la Corte inferior al no declarar con lugar la moción de nulidad enmendada sobre la orden de allanamiento."

Si se pudiera entrar en la consideración de la orden de allanamiento, quizá habría que resolver que era nula, pero el fiscal levanta en su alegato la siguiente cuestión previa que hace imposible penetrar en el fondo del asunto. Dice el fiscal:

"Establecemos que no conteniendo la solicitud alegación alguna al respecto de que los objetos ocupados pertenecieran a o estuvieran en posesión del acusado-apelante, ni que la ocupación y registro se llevaran a cabo en el domicilio o habitación, o en las premisas del acusado, no puede éste discutir la validez ni legalidad de la orden de allanamiento ni la forma en que ésta se obtuvo y se diligenció.

"Esto es así sencillamente por la razón de que no apareciendo que los objetos ocupados pertenecieran al acusado ni que el allanamiento y registro se llevaran a cabo en las premisas del acusado, no se ha violado ninguno de los derechos constitucionales de dicho acusado, salvaguardiados por las enmiendas Cuarta y Quinta de la Constitución."

Cita luego el fiscal abundante jurisprudencia para sostener su aserto. De ella transcribimos a continuación la que nos parece más apropiada, a saber:

"Una persona cuyos intereses no han sido afectados en manera alguna por la orden de registro no puede discutir la validez de la misma. Si una persona alega que la propiedad ocupada o las premisas que fueron registradas no le pertenecían, dicha persona no puede aprovecharse de la ilegalidad del registro y de la ocupación. Sus derechos deben haber sido de alguna manera afectados por los procedimientos, bien sea por la ocupación de la propiedad o de otro modo, antes de que él pueda ser oído sobre la validez y legalidad del mandamiento. Aplicando estos principios, una persona que ha sido coacusada con otra cuya propiedad ha sido ilegalmente registrada, no puede quejarse ni tampoco si al tiempo del registro y de la ocupación de acuerdo con un mandamiento de allanamiento, la

propiedad no estaba en su posesión." Cornelius, "Search and Seizure", pág. 242.

En el caso de *Remus* v. *United States* (C.C.A.), 291 Fed. 501, la corte dijo:

"Un alegato por separado ha sido radicado en favor del acusado, el cual versa extensamente sobre esta cuestión en particular. El mandamiento mediante el cual este registro y ocupación fueron llevados a cabo autorizaba un registro de la propiedad del acusado John Gehrum. Según aparece del récord, ningún otro de los acusados alega tener interés ni sobre el sitio registrado ni sobre la propiedad ocupada. John Gehrum radicó esta moción bajo juramento, en la cual él alega que la propiedad ocupada es suya, y que fué ocupada por medio de un mandamiento de registro ilegal el que entre otros defectos adolecía de no describir específicamente el sitio que debía ser registrado. Si este mandamiento de registro era ilegal, y el registro y la ocupación constituyeron una invasión de los derechos constitucionales de John Gehrum, dicho mandamiento necesariamente no podía afectar los derechos constitucionales de ningún otro acusado, cuyo hogar nunca fué invadido, ni podían dichos acusados ser oídos ni quejarse de que los derechos constitucionales de Gehrum habían sido violados ilegalmente y por la fuerza. Tampoco podía Gehrum reclamar para sus coacusados el beneficio de las enmiendas Cuarta y Quinta de la Constitución."

Y en el de *MacDaniel* v. *United States*, 294 Fed. 770, la corte se expresó así:

"Este registro fué llevado a cabo después que MacNabb había sido legalmente arrestado, pero mediante un mandamiento de registro que se alega era nulo porque fué expedido basado en *affidavits* que no eran suficientes. A pesar de la objeción y la excepción del acusado, esta evidencia fué admitida en la teoría de que cualquier objeción a la ley mediante la cual la evidencia fué obtenida pudo aprovechar solamente a MacNabb, que no estaba acusado ni era parte en el juicio, pero que nunca podía aprovechar a MacDaniel.

"Pasando por alto todas las cuestiones con respecto a la legalidad o ilegalidad del registro y la ocupación, estamos perfectamente conformes con los puntos de vista de la corte inferior. Es regla perfectamente establecida que una objeción de esta naturaleza solamente puede aprovechar a la persona cuya propiedad, casa u hogar han sido ilegalmente registrados y cuyos documentos han sido ilegalmente ocupados."

Examinada la moción de nulidad de que se trata se verá que el acusado alega "que en fecha indicada se procedió al registro de la casa número 18 de la calle Prolongación Dr. Betances, habitada por la señora Julia Valentín de Roldán; que el acusado tiene en la mencionada casa alquilada una habitación próxima a la sala, por la derecha entrando; que en la cocina de la mencionada casa número 18 de la calle Prolongación Dr. Betances, el sargento Nieves ocupó los siguientes artículos . . ."

Expresa, pues, que la casa estaba habitada por la Sra. Valentín y que solamente tenía él alquilada una habitación próxima a la sala. No dice que esa habitación fuera registrada. Es más: alega que los objetos ocupados lo fueron en la cocina de la casa y ni siquiera dice que fueran de su pertenencia.

Bajo esas circunstancias, es necesario reconocer que el fiscal tiene razón y que la corte de distrito no cometió error alguno al declarar sin lugar la moción de nulidad.

Hemos examinado los otros errores señalados y a nuestro juicio no existen. La denuncia es suficiente y la prueba sostiene la sentencia, que debe, en tal virtud, *ser confirmada.*