El Pueblo de Puerto Rico, demandante y apelado *v.* José Pérez Figueroa, acusado y apelante.

No. 4788.—*Sometido:* Junio 8, 1932. *Resuelto:* Julio 7, 1932.

A. *García Veve,* abogado del apelante; R. A. *Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

José Pérez Figueroa, hijo, fué condenado por la Corte de Distrito de Humacao a cumplir treinta días de cárcel por violación a la sección 29 de la Ley No. 85 de 1925, titulada Ley de Rentas Internas de Puerto Rico, aprobada en 20 de agosto de 1925. En virtud de una orden de allanamiento expedida por el juez de paz de Fajardo se ocuparon en la casa residencia del acusado tres alambiques de latón, capaces de destilar alcohol, así como dos frascos de cristal conteniendo ambos siete cuartillos de alcohol.

El acusado fué juzgado originalmente en la Corte Municipal de Fajardo y en apelación por la Corte de Distrito de Humacao. De esta última sentencia apeló el acusado para ante este tribunal, basando su apelación en los siguientes supuestos errores:

"(a) La Corte erró al no permitir a la defensa atacar la orden de allanamiento en la forma en que lo hizo.

"(b) La Corte erró al permitir que se declarase sobre la existencia de los alambiques sin ser los mismos presentados en evidencia ante la misma.

"(c) La Corte erró al declarar que la casa morada de José Pérez Figueroa, objeto del allanamiento, había sido descrita suficientemente.

"(d) La Corte erró al declarar sin lugar la moción presentada por la defensa de que los alambiques no habían sido descritos suficientemente a tenor de lo dispuesto en el artículo 503 del Código de Enjuiciamiento Criminal.

"(e) La Corte erró al declarar sin lugar la moción de la defensa solicitando la absolución perentoria del acusado."

Con excepción del segundo error que se refiere a la no presentación de los alambiques como prueba, los demás errores envuelven prácticamente la misma cuestión, que se basa en la negativa de la corte inferior a declarar nula la orden de allanamiento.

Cuando declaraba el testigo del Pueblo, Iluminado Torres, el abogado de la defensa presentó una moción verbal a la corte alegando que la orden de allanamiento en este caso es ilegal porque no se hizo constar en ella una descripción de la casa objeto del allanamiento. Terminada la prueba del Pueblo, la defensa solicitó que se absolviera al acusado. La corte declaró sin lugar esta moción. La defensa presentó entonces como prueba la orden de allanamiento y reprodujo su moción solicitando la nulidad de dicha orden.

Se trata, pues, de una moción verbal, en la cual no se alegó por el acusado que los objetos ocupados en virtud de la orden de allanamiento fuesen de su propiedad, ni se solicitó la devolución de los mismos. *Pueblo* v. *Roldán*, 42 D.P.R. 956. El acusado no se opuso a la admisión de la prueba por el hecho de que los alambiques hubiesen sido ilegalmente ocupados, sino basándose en que no podía declararse sobre la existencia de los mismos sin que fuesen traídos a la presencia de la corte, e insistiendo en que dichos alambiques fuesen presentados como prueba. De modo que el acusado se limitó a solicitar verbalmente la nulidad de la orden de allana-

miento, al comenzarse a practicar la prueba, sin pedir que se le devolvieran los objetos ocupados y sin alegar que fuesen propiedad suya. En estas condiciones, aunque posiblemente la orden no adolezca del vicio de nulidad, nos vemos imposibilitados de entrar a considerar los méritos de la misma.

■ Atribuye error el acusado a la corte porque permitió que se declarara sobre los alambiques ocupados sin que éstos fuesen presentados como prueba.

Los testigos del Pueblo declararon que habían ocupado siete cuartillos de ron, que los alambiques estaban funcionando en el momento de ser ocupados y que fueron llevados a la Corte Municipal de Fajardo, donde están depositados. La corte inferior admitió el testimonio de los testigos que ocuparon los alambiques, creyó que estos testigos decían la verdad, y resolvió de acuerdo con la prueba. No cometió error al admitir dicha prueba.

*Por los motivos expuestos, debe confirmarse la sentencia apelada.*