**UNITED STATES v. ESPOSITO et al.**

No. 9300.

District Court, E. D. Pennsylvania.

May 9, 1942.

40

J. Lawrence Grim, Asst. U. S. Atty., of Philadelphia, Pa. (Julian R. Eagle and Aaron D. Hockstein, both of Philadelphia, Pa., of counsel), for plaintiff.

Thomas D. McBride, of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

At 8:55 P. M. on November 13, 1941, two agents of the Alcohol Tax Unit pushed in the partly open door of a one-story garage attached to a private dwelling, and placed the defendants herein under arrest. At the same time, they searched the garage, and seized the following articles:

33 five-gallon cans of liquor

1 fifty-pound box of yeast

14 or 15 fifty-pound bags of chemicals

20 one-hundred pound bags of sugar

1 Buick car

All the articles were in the garage.

The defendants, in their separate petitions to suppress, claimed that the search and seizure were unlawful, being in contravention of the Fourth and Fifth Amendments to the Constitution of the United States.

The government agents had had the garage under observation from July 30, 1941, to the date of the arrest, November 13, 1941. At various times within that period, they had observed one or the other, or both, defendants driving to and from the garage in the seized Buick automobile. At times, the Buick automobile left the garage unloaded, and with the rear seat missing from the car, and returned heavily loaded and with its contents covered by a blanket. On the day of the arrest, Esposito took a fifty-pound carton of yeast from the car into the garage. Both defendants were well-known to the officers as liquor law violators; the officers were well-known to the defendants; and both defendants had been arrested numerous times theretofore for violation of the Internal Revenue Laws.

The defendants contend:

(a) They were lessees of the garage;

(b) The search and seizure was made without a warrant;

(c) The agents acted without probable cause.

Without dwelling upon the testimony adduced in support of or against the petitions in any detail, I will state that so far as the record discloses, I find that the defendants were lessees of the garage. If they were not, they would be in no position to complain; since, even if the search and seizure were illegal, no rights of theirs would have been violated. Chepo v. United States, 3 Cir., 46 F.2d 70; Mello v. United States, 3 Cir., 66 F.2d 135.

If the facts observed by the government agents were such as to justify a reasonably prudent person in believing that the law had been or was being violated in the premises afterward searched, then there was probable cause for the search and seizure, and the petitions should be denied—and vice versa.

The rule is well formulated in Whitcombe v. United States, 3 Cir., 90 F.2d 290, 293, this Circuit, wherein the court said: "The rule is well settled that if a search and seizure, without warrant, are made upon probable cause, and the facts and circumstances justify a reasonably prudent person in believing that an of-

fense has been committed or is being committed in or upon the premises searched, they are not prohibited by the Fourth Amendment to the Constitution of the United States. [citing cases] * * *"

See, also, Mello v. United States, supra; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834, Ann.Cas.1915C, 1177; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145; United States v. Feldman, 3 Cir., 104 F.2d 255; Pong Ying v. United States, 3 Cir., 66 F.2d 67; Rocchia v. United States, 9 Cir., 78 F.2d 966; Mabee v. United States, 3 Cir., 60 F.2d 209.

In Agnello v. United States, supra [269 U.S. 20, 46 S.Ct. 5, 70 L.Ed. 145], the court said: "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted. See Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543, [39 A.L.R. 790]; Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177."

■ It is impossible, of course, to formulate any rule which will determine reasonableness for every fact situation. Thus, the Supreme Court of the United States has said in Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 158, 75 L.Ed. 374: "There is no formula for the determination of reasonableness. Each case is to be decided on its own facts and circumstances."

■ Tested by the criteria contained in the above-quoted excerpts, I conclude that the search was reasonable, and that the search and seizure were supported by probable cause.

Known violators of Internal Revenue or liquor laws were observed transporting articles to and from a garage and an automobile. They were actually seen on the day of the arrest transferring a fifty-pound carton of yeast from the machine to the garage. Yeast is mentioned in United States v. Feldman, supra, as one of a number of products suitable for making and marketing liquor and alcohol.

Under those circumstances, I find it unjustifiable to hold that the agents were unreasonable in concluding that an offense had been or was being committed upon the premises. Fifty pounds of yeast is an excessive amount for a casual purchaser to have in his possession for the sake of his health, even when the persuasive influence of intensive advertising campaigns is considered.

The decided cases upon the subject are so numerous that there is no reason for setting down here the general principles of law controlling the situation.

It was conceded by counsel for the defendants that the liquor seized was untaxed alcohol liquor for beverage purposes.

■ Counsel for defendants has urged that the failure of the officers to procure a warrant is strongly persuasive of the unreasonableness of the search and seizure. The warrant is not necessary if the facts themselves justify the search. Judge Buffington of this Circuit, concurring in an opinion rendered in a case strongly resembling the instant proceeding, said in Mello v. United States, supra [66 F.2d 137]:

"With all these facts before him, was the officer to betake himself to a United States Commissioner to get a search warrant to enter premises on which he had physical proof by his own senses that the law was being violated? The prohibition officer summed the whole thing up in his answer to the question: 'Why didn't you go get a search warrant if you knew so surely? A. I didn't figure I needed a search warrant. If I had the evidence to get a search warrant, I had the evidence to seize it without.' It seems to me this sums up the situation. On the exterior of the door of the premises was the evidence of the operations within. If this evidence was created by those who were heard moving around inside and as a result of their operations the evidence was conveyed out of the building in the shape of noise and odors, that afforded evidence of a just suspicion which they themselves had created. To throw a shield over these men who had themselves made the interior of their building a place of suspicion, and to envelop them in the panoply of constitutional protection when they themselves furnished evidence on the outside of the

building entered that they were breaking the law within, is a misapplication of a provision that was embodied in the Constitution to insure the privacy of a man's person and dwelling from illegal inquiry. The acts of those within the building caused and created a just suspicion in the minds of those outside the building."

Accordingly, the petitions to suppress are denied.