El Pueblo de Puerto Rico, demandante y apelado, *v.* Lorenzo Aybar, acusado y apelante.

Núm. 12812.—*Sometido:* Noviembre 26, 1947. *Resuelto:* Enero 13, 1948.

*Angel Piñero* y *Eduardo Ortiz Reyes,* abogados del apelante; *Hon. Procurador General Luis Negrón Fernández,* y *J. Rivera Barreras* y *Alberto Picó Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Lorenzo Aybar fué denunciado en la Corte Municipal de Toa Alta porque en el barrio Candelaria del municipio de Toa Baja, el 20 de marzo de 1946, voluntaria y maliciosamente, violó la sección 5 en relación con la sección 2 de la Ley núm. 25 de 17 de julio de 1935 (Sesión Extraordinaria,

pág. 153.) Consistió la alegada infracción en que siendo dueño de una imprenta permitió y personalmente dirigió la impresión de boletos de una lotería clandestina dirigida por él conocida por "bolita, *bolipool,* etc." Contra la sentencia que en el juicio *de novo* le impuso la corte inferior, estableció Aybar el presente recurso.

La apelación está fundada: (*a*) en insuficiencia de la prueba y (*b*) en la nulidad de la orden de allanamiento a virtud de la cual fué ocupada la evidencia que sirvió para probar su culpabilidad.

## I

Los autos revelan que el 20 de marzo de 1946 el testigo Benigno Soto, Jefe de Distrito de la Policía Insular, acompañado de Luis M. Pérez y Juan Rivera Rosa, sargento y detective de la Policía Insular, respectivamente, a virtud de una orden de allanamiento, procedió a registrar un ranchón en el citado barrio de Candelaria; que sorprendió al acusado en los momentos en que imprimía boletos de "bolipool" de las bancas "Talleres" y "Gaviota", los cuales ocupó al acusado y a sus compañeros, juntamente con una imprenta marca "Liberty Machine Co. Económica, New York", y una rama o clisé conteniendo nombres de las loterías clandestinas "Talleres" y "Jíbaro", que iban a sortearse en los días 10, 14, 21 y 28 de abril de 1946; que el trabajo lo hacía el acusado, en presencia del cual sus compañeros manifestaron que era el dueño de la imprenta. En adición a esta prueba fué presentada la evidencia material, consistente de la imprenta y los paquetes de boletos.

Somos de opinión que esta evidencia, de haber sido legalmente obtenida, es suficiente para sostener la convicción del acusado. *Pueblo* v. *Salabarría,* 57 D. P. R. 130.

## II

El apelante señala como error el haberse declarado sin lugar la moción sobre supresión de la evidencia obtenida

a virtud de la orden de allanamiento: (a) porque la declaración jurada que sirvió de base a su expedición es insuficiente; (b) porque en la orden de allanamiento no se describieron detalladamente el sitio a registrarse y autorizaba el allanamiento de más de un edificio; (c) porque la orden fué dirigida a un agente de orden público que residía fuera del distrito del funcionario que la expidió y (d) porque no se ocupó toda la evidencia el mismo día.

Alega también que incurrió en error al ordenar la confiscación de la imprenta.

En la declaración jurada que el detective Juan Rivera Rosa presentó ante el Juez de Paz de Toa Baja a los efectos de la expedición de la orden de allanamiento, sustancialmente expuso que le constaba de propio conocimiento que Lorenzo Aybar tenía en arrendamiento una casa y un ranchón pertenecientes a Carmelo Bravo y radicados en el barrio Candelaria de Toa Baja; que la casa es de madera, techada de zinc, de cuatro aguas, pintada de verde claro, con una puerta y dos ventanas que dan al norte, que es el frente de la casa, con balcón de madera, y en la parte sur de la casa hay un ranchón; que le constaba de propio conocimiento que Aybar era dueño, administrador, director o agente de bancas de loterías clandestinas conocidas por "bolita" y "bolipool"; que imprimía y hacía imprimir billetes y boletos de las mencionadas bancas de lotería para distribuirlos al público mediante pago, personalmente y por medio de sus agentes o empleados; que para llevar a cabo este negocio ilegal tenía y utilizaba en el indicado sitio la referida imprenta y otros implementos; que había observado a Lorenzo Aybar y empleados a sus órdenes realizando estas operaciones y que la última vez que lo vió fué el 20 de marzo de 1946, a las ocho de la mañana, en el ranchón y casa antes mencionados.

Es de notar que la declaración del detective Juan Rivera Rosa está basada en evidencia directa que le constaba de propio conocimiento, de valor probatorio superior al de la

prueba de confidencias y conjeturas de que trata el caso de *Pueblo* v. *Capriles,* 58 D. P. R. 548, 558.

Una lectura superficial de la descripción de los edificios a registrarse demostrará que la orden de allanamiento cumple con lo prescrito por el artículo 503 del Código de Enjuiciamiento Criminal, especialmente si consideramos que dichos edificios radican en la zona rural. *State* v. *Stough,* 2 S. W.2d 767.

El apelante se queja de que en la orden se decreta el allanamiento de dos edificios, sosteniendo que tal circunstancia la invalida. También se queja de que la policía no ocupó la imprenta el mismo día en que se incautó de los demás artículos ocupados en el ranchón. Pero esas cuestiones no fueron levantadas en la corte inferior al discutirse la moción sobre supresión de evidencia, y por consiguiente, no debemos considerarlas en apelación. *Pueblo* v. *Miranda,* 56 D. P. R. 601.

Arguye el apelante que la orden de allanamiento no fué expedida a un agente de orden público dentro del distrito del juez de paz que la expidió. Dicha orden fué dirigida en la siguiente forma: ''El Pueblo de Puerto Rico, a cualquier agente de orden público, Cuerpo de la Policía Insular, Detective en el Distrito Judicial Municipal de Toa Alta, Puerto Rico.'' Es de conocimiento judicial que el Juzgado de Paz de Toa Baja radica dentro del distrito judicial municipal de Toa Alta. No obstante, el apelante descansa su contención en que el detective, al jurar la declaración solicitando la orden de allanamiento, expuso que era vecino de Santurce. Esta circunstancia no implica necesariamente que en esa fecha el detective no estuviere prestando servicios permanente o temporalmente en el municipio de Toa Alta, pues el campo de acción de un policía o detective no está circunscrito a determinado municipio o distrito, pudiendo prestar servicios en cualquier sitio en Puerto Rico.

Por último, se queja el acusado de que la imprenta fuese confiscada. Al así ordenarlo, la corte a quo se ajustó

a lo prescrito en la sección 4 de la Ley núm. 25 de 17 de julio de 1935 (Sesión Extraordinaria). (¹)

*Procede la confirmación de la sentencia.*

---

(¹)La citada sección, en lo pertinente, prescribe:

". . . y todos los artefactos, monedas y demás enseres o implementos ocupados y utilizados en la manipulación de dichos juegos prohibidos, que hayan formado parte de la evidencia admitida por la corte para probar la comisión del delito, serán como parte de la sentencia confiscados a favor de El Pueblo de Puerto Rico y vendidos por orden de la corte correspondiente a través del márshal de la misma en pública subasta, al mejor postor; y el importe de la venta con la suma de dinero que fuere ocupada, pasará al Tesoro de Puerto Rico para ser utilizados por los municipios de segunda y tercera clase, . . ."