EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTO-
NIO BRACETTY GELY, acusado y apelante.

Núm. 13962.—*Sometido:* Noviembre 7, 1949.  *Resuelto:* Diciembre 13, 1949.

*Herminio Miranda, Jr.,* abogado del apelante; *Hon. Procurador Ge-
neral Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del
Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del
tribunal.

La única cuestión a determinar en este recurso es si la
corte inferior erró al denegar la moción del acusado sobre su-
presión de evidencia por haber sido ésta obtenida a virtud
de una orden de allanamiento que se alega es nula.  La ale-
gada nulidad consiste: (1) en que en el *affidavit* que sirvió

de base al juez municipal para dictar la orden, no se exponen hechos, sino meras conclusiones; y (2) en que el inventario de la evidencia obtenida en el allanamiento no fué jurado.

■■ El fiscal de este Tribunal ha suscitado una cuestión previa que de ser sostenida, haría innecesario considerar las dos cuestiones levantadas por el apelante. Siendo ello así, empezaremos por discutir el punto levantado por el fiscal. Es el siguiente: que el apelante carece de personalidad para solicitar la supresión de la evidencia porque en su moción ante la corte inferior no alegó que los objetos ocupados fueran de su pertenencia ni que el registro se llevara a cabo en su propiedad (*premises*).

La orden de allanamiento revela que se manda a registrar una casa—que se describe—propiedad del acusado, que ocupa como su residencia y en la cual tenía una banca de boli-pool. Y si examinamos la acusación veremos que imputa al acusado que voluntaria, ilegal y maliciosamente "tenía en su casa residencia y estaba en posesión de materiales y enseres destinados a la manipulación de los juegos conocidos por 'Bolita'...", e inmediatamente se describen los objetos que habían sido ocupados a virtud de la orden de allanamiento. La ley no requiere cosas inútiles. Si el fiscal describe dichos artículos como ocupados en la casa residencia propiedad del acusado y dice los tenía éste en su poder para llevar a cabo dicho juego prohibido, ¿a qué fin práctico conduciría exigir al acusado que alegue y pruebe hechos que el propio fiscal da por ciertos, al extremo de basar en ellos su acusación? *United States* v. *Williams*, 43 F.2d 184 (D.C., M.D., Penn. 1930).

El caso de *Pueblo* v. *Roldán,* 42 D.P.R. 956, es fácilmente distinguible. En la moción sobre supresión de evidencia presentada en aquel caso, se alegó que la casa registrada fué la residencia de Julia Valentín de Roldán donde el acusado ocupaba, en concepto de alquiler, una habitación próxima a la sala; y que en la cocina de dicha casa fué encontrada la evidencia cuya supresión solicitaba, pero no alegó que fuera

dueño de la misma. Se resolvió, citando con aprobación los casos de *Remus* v. *United States,* 291 F. 501 y *MacDaniel* v. *United States,* 294 F. 769, que no expresándose en la moción que la habitación del acusado hubiera sido registrada ni alegándose que los objetos ocupados perteneciesen a aquél, no puede él impugnar la validez de la orden de allanamiento ni la forma en que ésta se obtuvo y diligenció, pues no aparece de la moción que sus intereses fueran afectados. Y los casos de *Pueblo* v. *Pérez,* 43 D.P.R. 770 y *Pueblo* v. *Acevedo,* 59 D.P.R. 114, también invocados por el fiscal, si bien se dijo en ellos que el acusado debe alegar ser dueño de la evidencia ocupada, no resulta de las respectivas opiniones que existieran las circunstancias que concurren en el presente caso y que hacen innecesaria la alegación de que el acusado era dueño de los objetos ocupados y que estuviere en posesión del local registrado.

Habiendo dispuesto de la cuestión previa suscitada por el fiscal, discutiremos ahora las cuestiones levantadas por el acusado.

■ ¿Fué suficiente el affidavit que sirvió de base para la expedición de la orden de registro? El affidavit consiste de cinco párrafos. El primero expone el nombre y circunstancias personales del solicitante de la orden de allanamiento; el segundo describe las casas a ser registradas y se expone que en ellas el acusado manipula una banca de lotería clandestina; el tercero dice que el declarante sabe que las referidas casas se están utilizando por el acusado en relación con el juego de la bolita; y el cuarto y quinto literalmente dicen así:

"Que en dicha residencia, el querellado, todos los domingos y en las primeras horas de la mañana, se reúne en una de las habitaciones de la misma, algunas veces y otras en la pequeña casa dedicada a cafetín o en la media-agua ubicada en el patio en la parte posterior, con varios de sus agentes y jugadores y allí cotejan los números de los boletos o papeletas que utilizan en la manipulación de dicha banca con los tres últimos números del premio mayor de la lotería nacional de la República Dominicana, la cual se sortea todos los domingos en Ciudad Trujillo, República Dominicana y cuyo sorteo es

oído en la isla de Puerto Rico a través de la radio, y los que resulten idénticos, son agraciados con el primer premio que paga la referida banca, en metálico; dinero que es recolectado del producto de la venta clandestina de los boletos o papeletas de bolita o boli-pool.

"Que el declarante, en distintas ocasiones y específicamente el domingo 25 de julio de 1948 ha visto al querellado Antonio Bracetty Selly (sic) que personalmente y por medio de sus agentes como ayudantes, se ha dedicado a explotar y explota una banca de bolita o boli-pool, utilizando para ello libretas, lápices, papeles, tickets o boletos en papel de distintos colores y dinero de curso legal, a sabiendas de que dicho juego está expresamente prohibido por la Ley núm. 220 de mayo 15 de 1948. Todo esto le consta de propio conocimiento al declarante."

Examinados los párrafos cuarto y quinto antes transcritos, debemos concluir que el affidavit expone suficientes hechos que constan de propio conocimiento al declarante, los cuales sostienen la orden de allanamiento. *Pueblo* v. *Aybar*, 68 D.P.R. 6 y *Pueblo* v. *Tribunal de Distrito*, 69 D.P.R. 413.

█ Por último, el hecho de que el inventario no hubiera sido jurado, no anula el registro que se había practicado a virtud de un affidavit y de una orden de allanamiento suficientes. Si el inventario no había sido jurado, bien pudo el acusado solicitar del tribunal que obligase al funcionario que practicó el registro que cumpliese con ese requisito. *United States* v. *Callahan*, 17 F.2d 937 (D.C., M.D., Penn. 1927); *United States* v. *Kaplan*, 286 F.2d 936 (D.C. S.D. Ga. 1923) y *Rettich* v. *United States*, 84 F.2d 118 (C.A. 1ro., 1936).

*Procede la confirmación de la sentencia.*

El Juez Asociado Sr. Snyder está conforme con el resultado.