EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EUGENIO RODRÍGUEZ SILVA, acusado y apelante.

Núm. 15270.—*Sometido:* Abril 1, 1952. *Resuelto:* Abril 8, 1952.

G. *Jiménez Sicardó*, abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui (Federico Tilén, Procurador General Interino,* en el alegato) y *J. Rivera Barreras, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Librada orden de allanamiento con el propósito de ocupar cierta bebida clandestina de la cual el acusado estaba en posesión, al ser la misma ejecutada la policía halló no sólo la bebida interesada sino también material de bolita. Procesado el acusado por este último delito,[1] durante el juicio surgió que el diligenciante de la orden entregó al acusado un inventario de la bebida de que se incautó, más no así del material de bolita ocupado.[2]

Declarado culpable de infracción a la Ley de la Bolita —Núm. 220 de 15 de mayo de 1948, pág. 739— y sentenciado a sufrir un año de cárcel, el acusado apeló. Imputa al tribunal inferior haber errado al admitir "como evidencia las listas de números y el dinero ocupado en las circunstancias arriba expresadas, no obstante" su oposición.

---

[1] Aunque es de presumirse que así se hiciera, de los autos no se desprende si Rodríguez Silva fué también procesado por infracción a la Ley de Bebidas (Núm. 6 de la Tercera Ses. Ext. de 1936, pág. 45).

[2] De los autos se desprende que posteriormente se entregó al acusado un recibo en que se reseñaba el material de bolita ocupado.

▇▇▇ Dispone el Código de Enjuiciamiento Criminal en su artículo 515, según fué enmendado por la Ley núm. 10 de 21 de marzo de 1942, pag. 303, que:

"El agente de la autoridad, ...debe en el acto devolver la orden de registro o de allanamiento al juez de paz, *entregándole un inventario de las prendas incautadas, el cual inventario se hará públicamente,* o en presencia de la persona a quien se incautará la prenda y de la que solicitara la orden de allanamiento, si éstas estuvieren presentes (sic). *Dicho inventario contendrá una certificación al pie,* consistente en la declaración jurada del agente de la autoridad, ... dada en presencia del juez de paz en el mismo instante y estará así redactada: 'Yo .... (agente de la autoridad, ... por quien fué ejecutada esta orden de allanamiento), *juro que el inventario que precede contiene una verdadera y detallada relación de todas las prendas por mí incautadas en cumplimiento de dicha .orden.'* " (Bastardillas nuestras.)

Al discutir el error antes expuesto el apelante sostiene que todos los tribunales de los Estados Unidos y esta Corte Suprema han sostenido que la letra del estatuto sobre órdenes de allanamiento debe ser interpretada restrictivamente en contra de El Pueblo y que asimismo sus disposiciones deben ser cumplidas estrictamente, por lo que entiende que si se ha de interpretar el artículo antes copiado en esa forma, la admisión de la referida evidencia por el tribunal inferior constituyó un error manifiesto. No estamos de acuerdo. Ni el referido artículo ni ninguno otro que se relacione con el inventario de las prendas ocupadas a virtud de una orden de allanamiento, dispone en forma alguna que el hecho de no entregarse por el funcionario que diligenció la orden el referido inventario al juez que la libró anule el procedimiento y haga inadmisible en evidencia el material ocupado. El acusado no nos ha citado jurisprudencia alguna que sostenga su criterio y toda la que hemos hallado sobre el particular—y con la misma estamos de acuerdo—es al efecto de que preceptos similares en relación con la preparación y entrega de un inventario al diligenciarse una orden de

allanamiento son requisitos puramente *ministeriales* que no invalidan en forma alguna el procedimiento. *United States* v. *Callahan,* 17 F. 2d 937, 942; *Nordelli* v. *United States,* 24 F.2d 665, 667; Alexander, *The Law of Arrest,* Vol. 1, pág. 569, sec. 130. Por tanto, la prueba claramente era admisible en evidencia. Desde luego, a pesar del hecho de no haberse preparado un inventario del material de bolita ocupádole, si el acusado interesaba que así se hiciera, fácilmente pudo lograrlo presentando una moción al efecto. Véanse artículo 516 del Código de Enjuiciamiento Criminal; *Pueblo* v. *Bracetty,* 70 D.P.R. 665, 668 y las autoridades antes citadas.

No obstante las conclusiones a que antes hemos llegado, debemos hacer constar claramente que no sancionamos irregularidades de esta naturaleza y que nuestro criterio es que siempre es preferible dar fiel cumplimiento a las disposiciones del estatuto sobre la materia.

Por otra parte, el hecho de que la orden de allanamiento se librara con el propósito de ocupar bebida clandestina en poder del acusado no impedía que al ejecutarse la misma la policía se incautara de cualquier otro material por aquél poseído en violación de la ley. *Pueblo* v. *Rodríguez,* 70 D. P. R. 514, 517; *Pueblo* v. *Báez,* 70 D. P. R. 609, 612.

*No habiéndose cometido el único error señalado, la sentencia apelada será confirmada.*