EL PUEBLO DE PUERTO RICO, recurrido, *v.* RAÚL ALBERTI SANTIAGO, recurrente.

*Número:* CE-94-397          *Resuelto:* 24 de abril de 1995

*Joaquín Martínez García*, abogado del recurrente; *Carlos Lugo Fiol, Subprocurador General*, y *Delmarie Vega Lugo, Procuradora General Auxiliar*, abogados del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

La controversia que debemos resolver es si incumplir con el requisito de cumplimentar y devolver diligenciada una orden de allanamiento dentro de los diez (10) días de la fecha de su libramiento, según dispone la Regla 232 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, vicia un registro realizado conforme a una orden de registro y allanamiento válida.

I

*Hechos*

Contra el peticionario Raúl Alberti Santiago se determinó causa probable por el delito de posesión con la intención de distribuir la sustancia controlada conocida como "marihuana". Dicha determinación de causa fue motivada

por el allanamiento realizado en virtud de una orden librada por el tribunal el 1ro de noviembre de 1993, la cual no consta en el expediente del tribunal de instancia por no haber sido devuelta diligenciada. Presentada una moción solicitando la supresión de la evidencia y celebrada la vista a tales efectos, surgió en ésta que el agente que diligenció la orden no efectuó el inventario conforme dispone la Regla 232 de Procedimiento Criminal, *supra*. Tampoco surgió del expediente que se hubiese cumplido con el requisito de cumplimentar y devolver diligenciada la orden de allanamiento dentro del período establecido por las Reglas de Procedimiento Criminal. El tribunal de instancia concedió término al Ministerio Público para someter el diligenciamiento del inventario.

Posteriormente compareció el Ministerio Público aduciendo que no obraba en los archivos de la División de Drogas y Narcóticos de Yauco copia del inventario, pero que, no obstante, dicha omisión no invalidaba el allanamiento efectuado conforme a lo resuelto en *Pueblo v. Rodríguez*, 73 D.P.R. 323 (1952). No se pronunció con respecto a la omisión de devolver la orden de allanamiento diligenciada. Finalmente el tribunal de instancia emitió la resolución de la cual se recurre denegando la moción de supresión. Determinó que aun cuando el Ministerio Público no se había pronunciado con respecto a la omisión de devolver la orden de allanamiento diligenciada, los fundamentos expuestos en *Pueblo v. Rodríguez*, supra, con relación a que el no haber realizado el inventario no invalida el procedimiento, son aplicables, además, a dicho requisito. De acuerdo con el tribunal de instancia, el único propósito del diligenciamiento es precisamente hacer acopio del inventario, por lo que aplicó la misma jurisprudencia para validar el procedimiento efectuado y denegar la moción de supresión presentada.

Inconforme, acude ante nos el peticionario aduciendo que erró el tribunal de instancia al denegar la Moción So-

licitándose Supresión de Evidencia, ya que no se realizó el inventario, ni se devolvió la orden de allanamiento diligenciada según lo dispone la Regla 232 de Procedimiento Criminal, *supra.*

Ordenamos al Procurador General que mostrara causa por la cual no deberíamos expedir el recurso "y tomando en consideración que no se diligenció la orden de allanamiento, revocar la resolución emitida por el foro de instancia mediante la cual se denegó la moción de supresión de evidencia".

El Procurador General compareció y el peticionario replicó. Estando en posición de decidir, así procedemos a hacerlo, sin ulteriores procedimientos.

## II

Las disposiciones aplicables a la controversia de autos son la Regla 232 de Procedimiento Criminal, *supra,* y la Regla 233 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.[1] Según la Regla 232, *supra,* el procedimiento para el diligenciamiento de una orden de allanamiento o registro será el siguiente:

---

[1] Regla 232 de Procedimiento Criminal:

"La orden de allanamiento o registro sólo podrá ser cumplimentada y devuelta diligenciada dentro de los diez (10) días de la fecha de su libramiento. El funcionario que la cumplimente dará a la persona a quien se le ocupe la propiedad, o en cuya posesión se encuentre, copia de la orden y recibo de la propiedad ocupada, o dejará dicha copia y recibo en el sitio donde se ocupare la propiedad. El diligenciamiento irá acompañado de un inventario escrito de la propiedad ocupada, hecho en presencia de la persona que solicitó la orden, y de la persona a quien se le ocupó o en cuya casa o local se ocupó la propiedad, de estar dichas personas presentes, y si alguna de ellas no lo estuviere, en presencia de alguna otra persona que fuere digna de crédito. El inventario será jurado por el diligenciante. A requerimiento de la persona que solicitó el allanamiento o registro, o de la persona a quien le fuere ocupada la propiedad, el magistrado entregará a éstas copia del inventario." 34 L.P.R.A. Ap. II.

Regla 233 de Procedimiento Criminal:

"El magistrado a quien se devolviere diligenciada una orden de allanamiento o registro unirá a la misma copia del diligenciamiento, el inventario, las declaraciones juradas y cualesquiera otros documentos que hubiere en relación con la misma, y la propiedad ocupada, remitiéndolo todo inmediatamente al tribunal que conociere o hubiere de conocer del delito en relación con el cual se expidió la orden de allanamiento o registro." 34 L.P.R.A. Ap. II.

1.  El funcionario que cumplimenta la orden debe dar a conocer la autoridad de que va revestido y el objeto de su visita.

2.  Se hará entrega a la persona a quien se le ocupe la propiedad o en cuya posesión se encuentre, de copia de la orden y un recibo de la propiedad ocupada; o dejará dicha copia o recibo en el lugar en que se ocupó la propiedad.

3.  El diligenciamiento irá acompañado de un inventario escrito de la propiedad ocupada.

4.  El inventario se hará en presencia de la persona que solicitó la orden y de la persona a quien se le ocupó o en cuya casa o local se ocupó. De no estar presentes dichas personas, el inventario se hará en presencia de alguna otra que le fuere digna de crédito al diligenciante.

5.  El inventario será jurado por el diligenciante.

6.  Copias del inventario serán entregadas por el magistrado previa solicitud de la persona que solicitó la orden o a la persona a quien le fuera ocupada la propiedad. O.E. Resumil de San Filippo, *Derecho Procesal Penal*, New Hampshire, Equity Publishing Corp., 1990, T. I, Cap. 11, Sec. 11.17, págs. 299–300.

Una orden de allanamiento "se expide contra el lugar o la cosa y la protección constitucional recae sobre el interés individual en la intimidad sobre el lugar y/o objetos contra intervención injustificada del Estado". (Énfasis suprimido.) Resumil de San Filippo, *op. cit.*, Sec. 11.5, pág. 280. Por esta razón, la Regla 232, *supra*, así como la Regla 233, *supra*, bosquejan los requisitos ministeriales necesarios para ejecutar debidamente una orden de registro y allanamiento, de manera que se le garantice al acusado la protección constitucional que disfruta sobre el lugar o cosa. Las disposiciones equivalentes a las Reglas 232 y 233, *supra*, en la jurisdicción federal son los incisos (d) y (f) de la Regla 41 de Procedimiento Criminal federal, 18 U.S.C. Ap., respectivamente. La regla federal ha sido interpretada jurisprudencialmente en numerosas ocasiones, así como también lo han sido sus contrapartes en las diversas jurisdicciones estatales. En general, los tribunales han resuelto que los requisitos contenidos en la Regla 41(d) y (f) de Procedimiento Criminal federal, *supra*, de realizar el inventario de la propiedad incautada y devolver la orden de regis-

tro diligenciada son deberes ministeriales que no han servido como fundamento para invalidar la ejecución de una orden de registro válida o suprimir la evidencia obtenida mediante la misma. *State v. Moretti*, NOS. 73 AP-440, 73 AP-441, 73 AP-442 Court of Appeals of Ohio, Tenth' Appellate District, April 9, 1974; *United States v. Dudek*, 530 F.2d 684 (6to Cir. 1976); *People v. Kirk*, 99 Cal.App.3d 89 (1979); *State v. White*, 707 P.2d 271 (Alaska 1985); *United States v. Wyder*, 674 F.2d 224 (4to Cir. 1982); *United States v. Harrington*, 504 F.2d 130 (7mo Cir. 1974); *U.S. v. Motz*, 936 F.2d 1021 (9no Cir. 1991).

Un deber ministerial es un deber impuesto por ley sobre un oficial público que envuelve meramente la ejecución de una tarea específica la cual nace de unos hechos específicos. Por lo tanto, los deberes ministeriales son mandatorios cuando es requisito su ejecución. *State v. Moretti*, supra; *West v. Com.*, 432 S.E.2d 730 (1993). Los deberes ministeriales impuestos por la Regla 41(d) y (b), *supra*, a personas autorizadas a ejecutar una orden de registro y allanamiento son deberes que emanan de un requisito estatutario, *vis-á-vis* de aquellos que emanan de un requisito constitucional, y en ese sentido la regla de exclusión constitucional no se extiende a violaciones a este tipo de deberes. *West v. Com.*, supra. Una violación de los deberes ministeriales dispuestos en las mencionadas reglas federales no viola derechos fundamentales del acusado. A lo sumo, podría dar lugar a que se hicieran planteamientos sobre la admisibilidad de la evidencia en cuanto a la identidad de una pieza de evidencia, si es que surgiera alguna controversia en cuanto a su identificación. *United States v. Dudek*, supra.

A pesar de lo antes expuesto, debemos tener bien presente el hecho de que el requisito de devolver diligenciada la orden de registro es parte importante del proceso de ejecutarla. Este requisito: (1) protege la propiedad del invidividuo que ha sido incautada; (2) le provee al acusado

un conocimiento del material incautado; (3) le requiere a las autoridades informar, sin demoras, del material en su poder, y (4) provee para que un juez imparcial pueda pasar juicio sobre la extensión del registro. *People v. Kirk*, supra.

■ Ahora bien, el examen que un tribunal debe efectuar para determinar si la omisión de algún requisito de los enumerados en la Regla 41(d) y (f) federal, *supra*, provocarían la inadmisibilidad de la evidencia obtenida es que el acusado demuestre que dicha omisión le causó perjuicio. *U.S. v. Kelly*, 14 F.3d 1169 (7mo Cir. 1994); *U.S. v. Motz*, supra; *United States v. Wyder*, supra. Claro está, la norma expuesta supone que la orden de registro mediante la cual se incautó el material fue expedida válidamente y su legalidad no está en controversia.

■ En *Pueblo v. Rodríguez*, supra, págs. 325–326, tuvimos la oportunidad de expresarnos sobre el requisito de realizar un inventario del material ocupado. Allí indicamos que los requisitos relacionados con la preparación y entrega de un inventario al diligenciarse una orden de arresto eran puramente ministeriales y que no invalidaban en forma alguna el procedimiento. En el mismo caso añadimos que si un acusado interesa que se prepare un inventario del material incautado, puede así solicitarlo. *Pueblo v. Rodríguez*, supra, pág. 326; Regla 232, *supra*. Véase, también, *Pueblo v. Albizu*, 77 D.P.R. 896, 905 (1955). Sin embargo, aún no habíamos tenido la oportunidad de pronunciarnos sobre el requisito de devolver la orden de allanamiento diligenciada. El presente caso nos permite pronunciarnos sobre el particular y adoptar, por considerarla acertada, la norma federal expuesta en cuanto a la omisión de cumplir con el requisito de devolver la orden de allanamiento diligenciada. Concluimos que dicho requisito es un deber ministerial que no invalida un registro efectuado mediante una orden válida expedida a esos efectos. Procedemos a aplicar el análisis que antecede a los hechos particulares que nos ocupan.

## III

En el caso ante nos, la orden de registro y allanamiento mediante la cual se ocupó el material fue expedida válidamente y su legalidad no ha sido atacada. El acusado únicamente levantó omisiones estatutarias en su ejecución; específicamente planteó que no se había realizado ni había devuelto el inventario ni se devolvió la orden diligenciada. Debemos, pues, analizar el posible perjuicio que esta omisión le pudo haber causado al recurrente.

De los documentos que obran en el expediente surge, con meridiana claridad, que la orden de allanamiento fue ejecutada correctamente, esto es, según lo especificado en la misma. Consta en autos la declaración jurada del agente Vázquez San Antonio, oficial que participó en el allanamiento, en la cual éste expresa que la orden fue ejecutada según lo especificado en la misma. En la declaración jurada del agente Vázquez Santiago, éste detalla la manera en que la orden se llevó a cabo y el material que se incautó. También obra en el récord copia de la orden de allanamiento, la cual está firmada por el propio acusado dando constancia de su recibo. Ambos documentos establecen la legalidad de la orden y dan certeza en cuanto a la identidad y procedencia del material incautado. El acusado no ha demostrado que la omisión imputada de no diligenciar la orden de allanamiento le causara un perjuicio tal que justifique la supresión de la evidencia. Por lo tanto, el tribunal de instancia actuó correctamente al denegar la supresión solicitada y fundamentada en la omisión de devolver la orden de allanamiento diligenciada. Este es un requisito impuesto estatutariamente que constituye un deber ministerial y no invalida un procedimiento. No existe una regla de exclusión de naturaleza constitucional ni estatutaria que requiera la exclusión de evidencia legalmente obtenida mediante una orden de allanamiento válida, debido a que un funcionario no haya cumplido con un

deber. Judicialmente no vamos a imponer una regla de exclusión de esta naturaleza.

Por los fundamentos antes expuestos, *se expide el auto de certiorari solicitado y se dictará sentencia confirmando la resolución recurrida y se devuelve el caso para procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Rebollo López disintieron sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri concurrió sin opinión escrita.