Pesante Martínez, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
Ante nos el Procurador General en el interés de obtener la expedición de un auto de certiorari y la revocación de una resolución enmendada emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, mediante la cual determinó no causa para acusar en las denuncias presentadas contra José A. Ramos *725 Diaz.
Expedimos el auto solicitado y revocamos la resolución en controversia.
I
El 9 de octubre de 2000, el Honorable Rafael Menéndez Caraballo, Juez, luego de los procedimientos de rigor, emitió una orden de allanamiento para ser diligenciada en una residencia sita en la Carretera 173, kilómetro 5.8 del Barrio Jagüeyes, Sector La Paloma en el municipio de Aguas Buenas. Dicha orden fue diligenciada por el Agente Gabriel A. Medina López. Como producto del allanamiento se ocupó cocaína, marihuana y un arma de fuego. El 11 de octubre siguiente, los casos fueron sometidos para la determinación de causa probable para el arresto. Determinada causa probable, los casos quedaron señalados para la celebración de la vista preliminar el 20 de diciembre. Llegada la fecha, el abogado del imputado solicitó la suspensión por razón de no encontrarse preparado. Así las cosas, se reseñalaron los casos para el 31 de enero de 2001. En esa ocasión, y sin que se celebrara la vista preliminar, el Tribunal desestimó las denuncias por haberse infringido el derecho a juicio rápido del imputado. Además, consignó en su resolución desestimatoria que el original de la orden de allanamiento, ni la declaración jurada que dio base a ella, se encontraban en el expediente del Tribunal; siendo lo anterior una violación a las Reglas 232 y 233 de las de Procedimiento Criminal. En horas de la tarde de ese mismo día, el abogado del imputado solicitó una enmienda a la resolución para que el fundamento para desestimar las denuncias fuese cambiado por una desestimación al amparo de la Regla 64(p) del mismo cuerpo legal. El Tribunal acogió el pedido del imputado y consignó al final de la moción, "como se pide". A consecuencia de lo anterior, emitió una resolución enmendada de desestimación de las denuncias en virtud de la Regla 64 (p). Esto, como bien señalara el peticionario en su escrito, sin conceder término alguno al Ministerio Público para expresarse. Al día siguiente, es decir, el 1 de febrero, el imputado nuevamente presentó otra moción en la que solicitó se dejará sin efecto la resolución enmendada. En esta ocasión, le solicitó al Tribunal que en vez de la desestimación al amparo de la Regla 64 (p) se determinara no causa por los delitos imputados. Nuevamente, el Tribunal accedió al petitorio de la defensa, y sin contar con el beneficio de la comparecencia del Fiscal, procedió a enmendar la resolución para que el dictamen de vista preliminar fuese de no causa en todos los delitos imputados.
El procedimiento altamente irregular seguido en el caso acusa, al menos, una improvisación de parte del recurrido y un deseo de armonizar los fundamentos de la desestimación para evitar la revocación de la resolución en controversia. Lo precedentemente expuesto aparentó contar con el aval del Tribunal. Ello resulta improcedente en derecho, razón por la cual dejamos sin efecto las resoluciones enmendadas y revocamos la resolución recurrida. En su consecuencia, devolvemos el caso al Tribunal de Primera Instancia para la celebración de la correspondiente vista preliminar.
II
La controversia presentada en el recurso de título fiie resuelta por este mismo Panel en los casos consolidados de Pueblo v. Ortiz Díaz, y Pueblo v. Martínez Mestre, KLCE-01-00016 y 00017, Jueces Pesante Martínez, Rodríguez García y Salas Soler. Allí consignamos lo siguiente:

"El mecanismo procesal estatutario adecuado para atacar la obtención y diligenciamiento de una orden de registro y allanamiento lo constituye la moción de supresión de evidencia. Sección 10, Artículo II de la Constitución de Puerto Rico y Regla 234 de las de Procedimiento Criminal, 34 L.P.R.A., Ap. II.

La violación a la protección constitucional contra registros y allanamientos irrazonables, es la supresión de la evidencia obtenida como producto del registro y allanamiento ilegal. La etapa procesal en la cual se debe presentar la moción de supresión de evidencia, es cinco (5) días antes del juicio, a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. Regla 234, supra. ”

*726 En el caso de autos, este Tribunal está revisando la primera resolución, ya que las subsiguientes resoluciones enmendadas fueron dejadas sin efecto.
La desestimación de la denuncia o acusación al amparo de la Regla 64 de las de Procedimiento Criminal no es el remedio adecuado para cuestionar la validez de una orden de allanamiento o la corrección del procedimiento encaminado a cumplimentar y devolver diligenciada la aludida orden.
En los casos que nos ocupa, ni los remedios solicitados fueron los adecuados, así tampoco los remedios concedidos. No procedía la desestimación de las denuncias de conformidad con la Regla 64. El petitorio debió ser uno de supresión de evidencia, una vez se determinara causa probable para acusar, se presentaran las correspondientes acusaciones y quedaran los casos señalados para juicio. En la eventualidad que los casos llegaran a esta etapa procesal, el planteamiento habrá que enmarcarlo dentro de lo resuelto en Pueblo v. Alberti Santiago, 138 D.P.R. 357 (1995). Allí se resolvió que no se invalida el registro efectuado por razón de la omisión de cumplir con el requisito ministerial de devolver la orden de allanamiento diligenciada para incorporarla al expediente del tribunal que conociere o hubiere de conocer del delito en relación con el cual se expidió la orden de allanamiento o registro.
La Regla 223, supra, bosqueja los requisitos ministeriales necesarios para ejecutar debidamente una orden de registro y allanamiento, de manera que se le garantice al acusado la protección constitucional que disfruta sobre el lugar o cosa.
En general, los tribunales han resuelto que los requisitos contenidos en la Regla 41 (d) y (f) de Procedimiento Criminal federal, supra, de realizar el inventario de la propiedad incautada y devolver la orden de registro diligenciada, son deberes ministeriales que no han servido como fundamento para invalidar la ejecución de una orden de registro válida o suprimir la evidencia obtenida mediante la misma.
Un deber ministerial es un deber impuesto por ley sobre un oficial público que envuelve meramente la ejecución de una tarea específica la cual nace de unos hechos específicos. Por lo tanto, los deberes ministeriales son mandatarios cuando es requisito su ejecución. State v. Moretti, supra; West v. Com., 432 S.E. 2d 730 (1993). Los deberes ministeriales impuestos por la Regla 41 (d) y (f):, supra, a personas autorizadas a ejecutar una orden de registro estatutario, vis-á-vis de aquéllos que emanan de un requisto constitucional, en ese sentido, la regla de exclusión constitucional no se extiende a violaciones a este tipo de deberes. West. v. Com, supra. Una violación de los deberes" ministeriales dispuestos en las mencionadas reglas federales no viola derechos fundamentales del acusado. A lo sumo, podría dar lugar a que se hicieran planteamientos sobre la admisibilidad de la evidencia en cuanto a la identidad de una pieza de evidencia, si es que surgiera alguna controversia en cuanto a su identificación. United States v. Dudek, supra.
El requisito de devolver diligenciada la orden de registro, es parte importante del proceso de ejecutarla. Este requisito: (1) protege la propiedad del individuo que ha sido incautada; (2) le provee al acusado un conocimiento del material incautado; (3) le requiere a las autoridades informar, sin demoras, del material en su poder, y (4) provee para que un juez imparcial pueda pasar juicio sobre la extención del registro.
Ahora bien, el examen que un tribunal debe efectuar para determinar si la omisión de algún requisito de los enumerados en la Regla 41 (d) y (f) federal, supra, provocarían la inadmisibilidad de la evidencia obtenida, es que el acusado demuestre que dicha omisión le causó perjuicio.
Dicho requisito es un deber ministerial que no invalida un registro efectuado mediante una orden válida expedida a esos efectos.
En lo relativo al argumento esgrimido originalmente y luego abandonado en el camino procesal, de violación al derecho a juicio rápido, éste resulta inmeritorio. Los términos para la celebración de la vista *727 preliminar no han transcurrido; resulta patentemente claro que la defensa renunció a los mismos al solicitar la suspervisión de la vista por no estar preparada.
Habida cuenta de lo precedentemente expuesto, se expide el auto de certiorari solicitado, se revoca la resolución original y se devuelve el caso para la inmediata celebración de la vista preliminar.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General