EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL ACEVEDO BARRETO, acusado y apelante.

Núm. 8629.—*Sometido:* Junio 20, 1941. *Resuelto:* Julio 10, 1941.

*Diego E. Ramos,* abogado del apelante; *Hon. Procurador General Interino, Emilio de Aldrey, y R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Miguel Acevedo Barreto fué denunciado ante la Corte Municipal de Aguadilla de haber infringido la sección 12 de la ley núm. 75 de 1925 (pág. 551), según fué enmendada por la ley núm. 31 de 1929, pág. 203.

Apelada la causa para ante la corte de distrito, en noviembre 25, 1940, se celebró el juicio de nuevo, condenándose al acusado a pagar una multa de cincuenta dólares y las costas, decretándose la confiscación de los efectos ocupados y su venta por el márshal en pública subasta.

Contra esa sentencia se interpuso el presente recurso de apelación, señalándose. como único error el que se atribuye a la corte al "admitir una denuncia que imputa al acusado más de un delito."

Argumentando el error sostiene el apelante que según los términos de la ley cuya infracción se le imputa se entenderá que ejerce la cirugía dental en Puerto Rico cualquier persona que " ... 1) sea dueño ... de un sitio donde se practiquen operaciones dentales; o que ... 2) mantuviere ... una oficina equipada con instrumentos dentales usados en la práctica de la cirugía dental exceptuando los comerciantes que traficaren en instrumentos o materiales usados en dicha práctica, ... ; o que 3) usare las palabras o letras 'Doctor en Cirugía Dental,' ", y que como en la denuncia se alega

que " ... el referido acusado ... ejercía la cirugía dental en Aguadilla, P. R., porque 1) era dueño de una oficina en donde se practicaban por él operaciones dentales; 2) además no siendo un comerciante dedicado al tráfico de instrumentos usados en la práctica de la cirugía dental ni un médico, mantenía abierta al público una oficina de su propiedad equipada con instrumentos dentales propios para ser usados en la práctica de la cirugía dental en Puerto Rico; 3) además usaba y se hacía llamar 'Doctor en Cirugía Dental' '', debe concluirse que se le imputan tres distintos delitos, lo que es contrario al art. 77 del Código de Enjuiciamiento Criminal que ordena que:

"La acusación habrá de comprender sólo un delito, pero el mismo delito puede ser expuesto en diferentes formas y bajo distintos cargos, y cuando el delito haya sido cometido usando de medios diversos, los medios pueden ser alegados alternativamente en el mismo cargo."

Dice entonces que no ha hallado jurisprudencia local que resuelva la cuestión que levanta y cita de Wharton *Criminal Pleading and Practice*, 9ª. ed., 1899, pág. 175–177, sec. 251.

No tiene razón el apelante. La denuncia sólo imputa al acusado la comisión de un delito, el ejercicio ilegal de la cirugía dental, perpetrado en varias de las formas o modalidades especificadas por la ley, y una denuncia formulada de tal modo es permisible.

La cuestión no es nueva en esta jurisdicción. Desde hace cerca de cuarenta años se resolvió por esta propia corte en *Pueblo* v. *Rivera (a) Panchito,* 7 D.P.R. 332:

"La acusación habrá de comprender sólo un delito, pero éste puede ser expuesto en diferentes formas, y bajo distintos cargos, y cuando se hubiere cometido usando de medios diversos, éstos pueden alegarse alternativamente en el mismo cargo, y así formulada no está sujeta a la excepción de que en ella se imputa más de un delito."

La doctrina se aplicó y reafirmó en repetidos casos. Bastará que citemos dos, *El Pueblo* v. *Collazo,* 20 D.P.R. 203 y *El Pueblo* v. *Díaz,* 22 D.P.R. 191, 193. En el primero, copiando del resumen, se dijo:

"Cuando, como ocurre en el artículo 368 del Código Penal, la ley castiga como delito el hacer alguna de las varias cosas que menciona disyuntivamente, todas o algunas de ellas pueden ser imputadas conjuntamente sin que por eso adolezca la denuncia del defecto de duplicidad."

Y en el segundo, también copiando del resumen, se resolvió:

"Cuando una acusación comprende distintos cargos o maneras de realizar el delito, la alegación suficiente de cualquiera de ellos y su prueba justifican una condena."

Nada encontramos en la cita de Wharton que se oponga a las decisiones de esta corte.

En un alegato adicional presentado por el apelante con permiso de la corte se suscitó la cuestión de que siendo nula la orden de allanamiento por medio de la cual se ocuparon determinados objetos y habiéndose condenado al acusado a virtud de la evidencia aducida como consecuencia de la dicha orden nula, procedería en todo caso la revocación de la sentencia.

Según consta de las notas taquigráficas acompañadas a la moción, el día del juicio el acusado por su abogado suscitó oralmente la cuestión que sigue:

"...que se ordene por la corte la entrega de cierta evidencia obtenida en este caso a virtud de orden de allanamiento expedida por el Juez de la Corte Municipal, porque la orden que dicho magistrado expidiera es nula y sin ningún valor y no puede producir autoridad para el registro e incautación que llevó a cabo el oficial Jefe de Distrito de la Policía Insular de Aguadilla en la casa del acusado, puesto que la orden de allanamiento se expidió a virtud de *affidavits* que son insuficientes en derecho para autorizar la expedición de esa orden de allanamiento y no siendo suficientes los affidavits la orden en sí fué ilegalmente expedida, el allanamiento ilegalmente practicado y la incautación de los bienes realizada con violación de la ley y la jurisprudencia."

La corte resolvió:

"La corte, después de haber estudiado detenidamente toda la jurisprudencia aplicable a la cuestión planteada por la defensa rela-

tiva a la devolución de los objetos ocupados en poder del acusado, objetos dedicados al ejercicio de la cirugía dental, resuelve en primer término que dicha moción es tardía por haber sido presentada la misma el día del juicio y después de haber sido llamado el caso; en segundo término, que la solicitud consignada en récord por el distinguido letrado que representa al acusado no alega título suficiente para que la corte pueda considerar los méritos de la misma, es decir, no alega que esos objetos ocupados a virtud de una orden de allanamiento expedida por el Juez Municipal fueran de la propiedad del acusado o estuvieran en posesión del mismo;...."

Siendo ésos los hechos, creemos que la corte sentenciadora actuó de acuerdo con la ley y la jurisprudencia al declarar sin lugar la moción del acusado y por tanto que tampoco está bien fundado el nuevo error que levanta.

Una objeción a que se admita prueba obtenida mediante orden de allanamiento ilegal, hecha en el acto del juicio, es tardía, se resolvió en *Pueblo* v. *Lebrón,* 46 D.P.R. 588. Véase *El Pueblo* v. *Cerecedo,* 21 D.P.R. 56.

Y recientemente en *Pueblo* v. *Capriles,* 58 D.P.R. 548, 555, se dijo:

"En el caso de autos, no consta que el acusado impugnase la validez de la orden de allanamiento en la corte municipal; pero como hemos dicho, esa omisión no le impidió promover la cuestión en la corte de distrito, siempre que lo hiciese, como lo hizo, con la suficiente antelación a la fecha señalada para el juicio."

Además la moción era claramente insuficiente. Conocemos sus términos y sabemos lo que dijo la corte, siendo de perfecta aplicación lo resuelto en el caso del *Pueblo* v. *Roldán,* 42 D.P.R. 956, a saber:

"Cuando la solicitud para anular una orden de allanamiento no contiene alegación alguna respecto a que los objetos ocupados pertenecieran a y estuvieran en posesión del peticionario, ni que la ocupación o registro se llevara a cabo en sus premisas, no puede aquél discutir la validez ni legalidad de la orden de allanamiento ni la forma en que ésta se obtuvo o diligenció."

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*