EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ÁNGEL MONZÓN BRAÑA y BERNARDO NIEVES SÁEZ, acusados y apelantes.

Núms. 14679–80.   *Sometidos:* Diciembre 1, 1950.   *Resueltos:* Enero 29, 1951.

*Félix Ochoteco, Jr.,* y *Ramón S. Pesquera Dávila,* abogados de los apelantes; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Los apelantes al igual que Rosa Nieves y Saecce Costoso fueron separadamente acusados de infracción a la Ley núm. 220 de 15 de mayo de 1948 ((1) pág. 739). Oportunamente Rosa Nieves presentó en la corte inferior una moción sobre supresión y devolución de la evidencia que fué ocupada en su casa mediante un registro que alegó era ilegal. La evidencia en cuestión es común a los cuatro casos. El 30 de septiembre de 1949 se celebró la vista de la moción y el mismo día fué declarada sin lugar. En la mañana del cuatro de noviembre siguiente se celebró juicio contra Rosa Nieves y fué sentenciada a seis meses de cárcel. Al ser llamados para juicio los tres casos restantes la tarde del cuatro de noviembre, los acusados anunciaron al tribunal que estaban en condiciones de atacar la validez del registro practicado en la casa de Rosa Nieves. Alegaron que la ilegalidad del registro benefició tanto a la ocupante de la casa registrada como a los que se hallaban en la misma en carácter de huéspedes. El tribunal replicó que los tres acusados no tenían derecho a atacar la validez del registro por no ser ellos ocupantes de la casa registrada e invocó los casos de *Pueblo* v. *Roldán,* 42 D.P.R. 956 y *Pueblo* v. *Acevedo,* 59 D.P.R. 114. Tomaron

excepción los acusados e inmediatamente se procedió a la celebración del juicio. El fiscal presentó como prueba la misma evidencia cuya supresión había sido denegada al desestimarse la moción de Rosa Nieves y a base de esa prueba, Saecce Costoso, Bernardo Nieves y Ángel Monzón fueron declarados culpables y sentenciados a siete, nueve y catorce meses de cárcel. Tanto Rosa Nieves como los otros tres acusados radicaron recursos de apelación para ante este Tribunal, pero habiendo Rosa Nieves y Saecce Costoso desistido de sus respectivos recursos, continuó la apelación en cuanto a los dos acusados restantes. Al igual que en la corte a quo, hemos consolidado los recursos establecidos por estos dos acusados a los efectos de esta opinión.

■■■ En los casos de *Pueblo* v. *Roldán*, supra y *Pueblo* v. *Acevedo*, supra, siguiendo la doctrina prevaleciente en las cortes federales resolvimos que la garantía constitucional contra registros ilegales es un derecho personal del poseedor u ocupante de la propiedad registrada y que no habiéndose alegado en la moción sobre supresión y devolución de evidencia que los peticionarios en dichos casos estuvieran en posesión de las casas registradas, no se violó ningún derecho constitucional que ellos pudieran tener y por consiguiente no podían atacar la validez del registro de la casa ajena ni solicitar la supresión de la evidencia así obtenida.

Los aquí peticionarios admiten que esa regla prevalece en las cortes federales pero que la doctrina ha sido revocada recientemente por la Corte Suprema de los Estados Unidos en el caso de *Mc Donald* v. *United States*, 335 U. S. 451 (1948). Interpretan los apelantes esa decisión en el sentido de que tanto el ocupante de la propiedad registrada como aquéllos que se hallaban en la misma como huéspedes o visitantes al practicarse el registro, tienen derecho a solicitar la supresión de la evidencia ocupada mediante un registro ilegal.

Examinemos el caso de *Mc Donald* v. *United States*, supra. Puede resumirse así:

Mc Donald había alquilado una habitación en una casa particular en Wáshington, D. C. La policía hacía algún tiempo que venía espiándolo por tener sospechas de que se estaba dedicando a la explotación de una lotería ilegal. Un día varios policías abrieron una ventana de la casa y penetraron en la habitación de la dueña. Uno de ellos se asomó por el montante (*transom*) de la puerta de una habitación y vió allí a Mc Donald y a otra persona de apellido Washington, observando además que había en la habitación una cantidad de *tickets*, dinero y máquinas de sumar. Requirieron a Mc Donald para que abriera la puerta del cuarto, ocuparon entonces todo el material y arrestaron a los dos individuos, quienes a base de esta evidencia fueron luego convictos de explotar una lotería ilegal. Oportunamente Mc Donald solicitó la supresión y devolución de la evidencia obtenida en la forma indicada, pero la corte denegó su moción. Se celebró el juicio y ambos acusados fueron declarados culpables. La sentencia fué confirmada por la Corte de Apelaciones de los Estados Unidos para el Distrito de Columbia, 166 F.2d 957, y para revisarla se expidió un auto de *certiorari* por la Corte Suprema de los Estados Unidos revocándose dicha sentencia. Basó su decisión el Tribunal Supremo en que como la policía no estaba provista de una orden de arresto ni tampoco de una orden de allanamiento, el registro de la habitación de Mc Donald fué ilegal y consecuentemente la evidencia ocupada a virtud de ese allanamiento fué ilegalmente obtenida; que habiendo Mc Donald solicitado oportunamente la devolución y supresión de esa evidencia, erró la corte sentenciadora al no devolvérsela y que siendo ésa la prueba que dió base a la sentencia, el error en cuanto a Mc Donald fué perjudicial. Y en lo que respecta a Washington, quien era un mero huésped de Mc Donald, decidió que suponiendo sin resolverlo que la garantía constitucional contra registros ilegales no lo protegiera, la sentencia contra él también debía revocarse porque si se hubiera devuelto a Mc Donald la evidencia ilegalmente ocupada, ésta

no hubiera podido presentarse en el juicio contra Washington y no hubiera existido suficiente prueba para condenarlo y que consecuentemente el error al no devolver la evidencia a Mc Donald perjudicó también a Washington.

La Corte Suprema de los Estados Unidos no resolvió, como pretenden los apelantes, que Washington tenía derecho a solicitar la devolución de la evidencia ilegalmente obtenida. A los efectos del argumento solamente, el tribunal adoptó la tesis más desfavorable a Washington, es decir, que éste no estaba protegido por la garantía constitucional, para concluir entonces que aún en esa hipótesis, Washington fué perjudicado por el error cometido al no devolverse la evidencia a Mc Donald. Pero esto no significa que la corte hubiera repudiado la doctrina prevaleciente en las cortes federales, ·*United States* v. *Daniels*, 10 F.R.D. 225 (D.C.N.J., 1950), sin siquiera expresar que dicha doctrina quedaba derogada sobre todo cuando tan recientemente, en el caso de *Goldstein* v. *United States*, 316 U. S. 114 (1942), la había aplicado.(1)

No erró, pues, la corte inferior al resolver que los aquí apelantes no tenían derecho a atacar la validez del registro practicado en la casa de Rosa Nieves.

■ La conclusión a que hemos llegado respecto al primer señalamiento de error nos releva de considerar el segundo, pues éste se refiere a la insuficiencia de la declaración jurada que sirvió de base para la expedición de la orden de allanamiento, y como hemos visto los apelantes no tenían derecho a atacar la validez del registro.

■ Carece de méritos el tercer señalamiento de error pues va dirigido a impugnar la constitucionalidad de la Ley núm. 220 de 15 de mayo de 1948, ya que la validez de esa ley ha sido sostenida, entre otros, en los casos de *Pueblo* v. *Mantilla*, 71 D.P.R. 36; *Pueblo* v. *De Jesús*, 70 D.P.R. 37 y *Romero* v. *People of Puerto Rico*, 182 F.2d 864 (C.C.A. 1, 1950).

(1) Véase el comentario que sobre el alcance de la decisión del caso de *Mc Donald* aparece en 62 Harv.L.Rev. 1229.

██ Finalmente alegan los apelantes que el tribunal a quo actuó arbitrariamente en la imposición de las sentencias, toda vez que por el mismo delito impuso a los acusados penas distintas. La fijación de la pena es cuestión que descansa en la sana discreción de la corte sentenciadora, siempre que se ajuste a los límites impuestos por la ley, y no habiéndose demostrado en el presente caso abuso de esa discreción, no alteraremos las sentencias impuestas. *Pueblo* v. *Ramírez et al.*, 28 D.P.R. 313 y *Williams* v. *New York*, 337 U. S. 241 (1949).

*Procede la confirmación de las dos sentencias apeladas.*

El Juez Asociado Sr. Snyder no intervino.