EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Recurrida<br><br>           v.<br><br>Luis Echevarría Arroyo<br><br>    Peticionario | Certiorari<br><br>2002 TSPR 78<br><br>157 DPR \_\_\_\_ |

Número del Caso: CC-2001-19


Fecha: 11/junio/2002


Tribunal de Circuito de Apelaciones:
                    Circuito Regional IV


Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo


Abogados de la Parte Peticionaria:
                    Lcdo. Giovanni Irizarry Sierra
                    Lcdo. José Manuel Cruz Ellis

Oficina del Procurador General:
                    Lcda. Mayra J. Serrano Borges
                    Procuradora General Auxiliar


Materia: Infr. Art. 401 Ley de Sustancias Controladas


Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal.
Su distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrida

        vs.                    CC-2001-19        CERTIORARI

Luis Echevarría Arroyo

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 11 de junio de 2002

El 25 de junio de 1999 --en horas de la tarde y en jurisdicción de Aguadilla, Puerto Rico, Sector La Marina-- el agente de la Policía de Puerto Rico, José A. Vargas, alegadamente pudo observar a una persona llevar a cabo en la vía pública, lo que, conforme su entrenamiento y experiencia, constituía cuatro (4) transacciones de drogas de parte de un individuo que resultó llamarse Pedro Santiago Pérez. Conforme la declaración del agente Vargas, la droga era "guardada" en una <u>bolsa dentro de un automóvil marca Oldsmobile, bolsa de droga que el referido agente había observado que le había sido proporcionada horas antes a Santiago Pérez por el aquí peticionario Luis Echevarría Arroyo</u>.

Luego del agente Vargas ausentarse del lugar por espacio de veinticinco (25) minutos, al regresar al mismo procedió a arrestar

--sin orden alguna-- a Santiago Pérez; luego de lo cual procedió a registrar --nuevamente sin orden alguna-- al antes mencionado vehículo Oldsmobile, localizando en el interior del mismo la bolsa que anteriormente había observado, la cual contenía sesenta y tres (63) sobres con picadura de marihuana.

Con motivo de la declaración que sobre los referidos hechos prestara el agente Vargas se determinó causa probable para arresto, en lo pertinente, contra Echevarría Arroyo por una supuesta infracción al Artículo 401 de la Ley de Sustancias Controladas, procediéndose a la confiscación del vehículo Oldsmobile. Procede que se señale, y enfatice, el hecho de que el Estado le notificó de la confiscación realizada a Echevarría Arroyo, conforme se exige que se haga al "dueño, encargado o persona con derecho o interés en la propiedad ocupada". 34 L.P.R.A. sec. 1723b.

Habiéndose determinado causa probable para acusar, y radicado el correspondiente pliego acusatorio ante la Sala de Aguadilla del Tribunal de Primera Instancia, Echevarría Arroyo solicitó la supresión de la evidencia --la bolsa-- ocupada en el registro, sin orden, del automóvil. El Estado oportunamente se opuso mediante escrito a esos efectos. El tribunal de instancia celebró una vista --no evidenciaria-- en la cual las partes argumentaron oralmente sus respectivas posiciones.

El tribunal de instancia denegó la supresión solicitada por el fundamento de que Echevarría Arroyo no tenía "legitimación activa" ("standing") para solicitarla. Insatisfecho, éste acudió al Tribunal de Circuito de Apelaciones en revisión de dicha determinación. El foro apelativo intermedio confirmó la decisión del tribunal de instancia.

Inconforme, Luis Echevarría Arroyo acudió ante este Tribunal, vía certiorari, imputándole al tribunal apelativo haber errado:

"...al resolver que un acusado no tiene capacidad jurídica para impugnar la actuación inconstitucional de agentes del Estado al realizar un registro ilegal en un automóvil de su propiedad por el mero hecho de no ser el dueño registral del mismo ante el Departamento de Transportación y Obras Públicas, <u>todo ello a pesar que la Defensa hizo un ofrecimiento de prueba con el peticionario a los efectos que el vehículo en controversia le pertenecía a él</u>, lo cual a su vez nunca fue impugnado, refutado y de ningún modo puesto en duda por prueba alguna ofrecida por el Ministerio Público; <u>y sin tampoco importarle el hecho que el Estado reconoció el interés propietario del acusado sobre el referido vehículo al notificarle a él su derecho a impugnar civilmente la confiscación del mismo.</u>

...al resolver que un acusado puede impugnar judicialmente la actuación ilegal de agentes del Estado en una procedimiento de confiscación de un automóvil de su propiedad pero no puede impugnar esa <u>misma</u> actuación ilegal en un procedimiento criminal que amenaza su libertad por alegada falta de capacidad jurídica, convirtiendo de esta forma a los Tribunales en cómplices de actos de desobediencia a nuestra Constitución." (Énfasis suplido.)

<u>Expedimos</u> el recurso. Estando en posición de resolver el mismo, procedemos a así hacerlo.

**I**

La Regla 234 de Procedimiento Criminal, ante, <u>actualmente</u> dispone que:

"La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, <u>por cualquiera de los siguientes fundamentos</u>:

(a)  Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria par la resolución de la solicitud. De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. (Énfasis suplido.)

Resulta importante enfatizar que lo requerido por la primera oración del segundo párrafo de la transcrita disposición reglamentaria --a los efectos de que en "la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma"-- clara y exclusivamente se refiere a los fundamentos enumerados --del Inciso (a) al (f)-- en el primer párrafo de la citada Regla 234, oración que fue incorporada a la misma por la Asamblea Legislativa mediante la Ley Núm. 65 del 5 de julio de 1988.

Así lo determinamos y resolvimos en Pueblo v. Maldonado Rosa, 135 DPR 563 (1994). Citando con aprobación la posición asumida por el Procurador General de Puerto Rico en dicho caso, expresamos que, en vista de la acción legislativa antes mencionada, "ya no basta con que el promovente de la moción de supresión de evidencia escuetamente alegue [en la misma] uno de los fundamentos que se enumeran en la referida Regla 234 de Procedimiento Criminal; ahora la citada Regla

234 <u>exige</u> que se expongan los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma." En otras palabras, la norma que a los efectos antes mencionados establecimos en Maldonado Rosa, ante, fue consecuencia directa, o por imperativo, de la acción legislativa enmendatoria de la Regla 234.

Posteriormente, en <u>Pueblo</u> v. <u>Blase Vázquez</u>, res. el 23 de junio de 1999, 99 TSPR 98, <u>ratificamos</u> la norma establecida en <u>Maldonado Rosa</u>, ante, y establecimos la <u>norma adicional</u> a los efectos de que, en casos en que la evidencia delictiva es incautada <u>sin</u> previa orden judicial, y el acusado promovente aduce hechos o fundamentos que reflejan la ilegalidad de la incautación, <u>el tribunal no puede denegar la solicitud</u> <u>sin celebrar vista en la que el ministerio público vendrá obligado a</u> <u>refutar la presunción de ilegalidad del registro o incautación</u>.

<u>En resumen</u>, y conforme las disposiciones de la citada Regla 234 de Procedimiento Criminal y de la jurisprudencia interpretativa de la misma, <u>la norma vigente en nuestra jurisdicción, respecto a esta</u> <u>materia, es a los efectos de que</u>: cuando se trata de evidencia incautada mediando previa orden judicial, un tribunal de instancia <u>no</u> <u>puede</u> declarar <u>sin</u> lugar una moción de supresión de evidencia, <u>sin</u> previa celebración de vista, <u>cuando la parte promovente demuestra que existe</u> <u>una controversia sustancial de hechos que hace necesaria la celebración</u> <u>de una vista evidenciaria</u>; en ausencia de tal demostración, el tribunal podrá adjudicar la moción sin vista previa. <u>Por otro lado</u>, si se trata de la supresión de evidencia incautada <u>sin</u> previa orden judicial y el acusado promovente <u>aduce</u> hechos o fundamentos que reflejan la ilegalidad de su registro, allanamiento o incautación, el tribunal <u>no</u> puede denegar la solicitud <u>sin</u> celebrar una vista evidenciaria, ocasión en la que el ministerio público vendrá obligado a refutar la presunción de ilegalidad del registro o incautación.

En el presente caso, el peticionario cumplió plenamente con las disposiciones de la Regla 234 de Procedimiento Criminal y con la jurisprudencia interpretativa de la misma al radicar la moción de supresión de evidencia; esto es, alegó hechos específicos demostrativos de la existencia de una controversia sustancial, <u>situación que requería la celebración de una vista evidenciaria</u>.

La Regla 234 de Procedimiento Criminal <u>no exige</u>, como tampoco nuestra jurisprudencia, que el promovente de una moción de supresión exponga o alegue, en la misma, de forma específica y detallada, los hechos particulares que configuran su expectativa de intimidad y la forma en que el Estado se la infringió[1].


**II**

Por último, y en relación con el planteamiento sobre la "expectativa de intimidad", resulta procedente cuestionarse: ¿qué mejor demostración *prima facie* de legitimación activa ("standing") podía hacer el peticionario Echevarría Arroyo, en su moción de supresión,  que una alegación --corroborada la misma por prueba documental-- a los efectos de que el Estado entendió procedente y necesario notificarle de la confiscación realizada?

Debemos mantener presente el hecho de que la Ley Uniforme de Confiscaciones <u>exige</u> que el Estado, luego de proceder a la incautación de un vehículo de motor, le notifique de la misma al "...dueño, encargado o persona con derecho o interés en la propiedad ocupada"[2]. El Estado, al así actuar en el presente caso, reconoció --cuando menos, *prima facie*-- que el peticionario Echevarría Arroyo era o el "dueño" del vehículo confiscado o, cuando menos, una persona con "derecho o

---

[1] <u>Como erróneamente se sostiene en la Opinión disidente</u>.

interés" en el mismo. Dicha situación obligaba al tribunal de instancia a celebrar una <u>vista evidenciaria</u> en la cual el peticionario tendrá la oportunidad de ofrecer la prueba anunciada por él a los efectos de que es el dueño del vehículo Oldsmobile que había sido confiscado.

Por los fundamentos antes expuestos, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones, devolviéndose el mismo al Tribunal de Primera Instancia para procedimientos ulteriores consistentes con lo aquí expuesto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez emitió Opinión disidente a la cual se unió el Juez Asociado señor Corrada del Río. El Juez Asociado señor Fuster Berlingeri no intervino.


**Patricia Otón Olivieri**
**Secretaria del Tribunal Supremo**

---

[2] Véase: Artículo 4 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723b.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

     Recurrido

       v.

                                   Certiorari

Luis Echevarría Arroyo           CC-2001-19

     Peticionario


**Opinión Disidente emitida por el Juez Asociado señor Rivera Pérez, a la cual se une el Juez Asociado señor Corrada del Río.**


San Juan, Puerto Rico, a 11 de junio de 2002.

**El presente recurso nos brindó la oportunidad de pautar norma sobre los requisitos con los que tiene que cumplir un acusado de delito que pretende la supresión de la evidencia ocupada, al amparo de la Regla 234 de Procedimiento Criminal,**[3] **como persona alegadamente** agraviada **por la violación a su derecho constitucional a su intimidad, su privacidad, y a que el Estado no lleve a cabo registros y allanamientos irrazonables en las áreas, lugares y propiedades en las que éste tiene derecho a disfrutar de tales garantías de intimidad y privacidad. ¿Es necesario que tal acusado de delito exponga por escrito, de manera detallada y específica, en qué forma resultó**

---

[3] 34 L.P.R.A. Ap. II, R. 234.

agraviado **por la violación por el Estado de tales derechos y garantías constitucionales para tener legitimación activa para hacer tal pedimento?**

**Este caso nos ofreció, además, la oportunidad de expresarnos, dentro de nuestra facultad normativa, en torno al efecto que tiene sobre la legitimación activa del promovente de una moción de supresión de evidencia, la notificación que le realizara el Departamento de Justicia sobre la confiscación del vehículo donde fue ocupada la evidencia que se pretende suprimir. La Mayoría resuelve, mediante sentencia, que el acusado de autos, aquí peticionario, tiene legitimación activa para presentar su moción de supresión de evidencia, bajo las circunstancias fácticas del "caso y controversia" ante nos, por haber sido notificado por el Estado de la confiscación de un vehículo de motor utilizado en la conducta o acciones delictivas imputadas. Concluye, que al así actuar, el Estado reconoció, cuando menos, prima facie que el aquí peticionario era o el "dueño" del vehículo confiscado, o una persona con "derecho o interés" en el mismo. Concluye, además, que "el peticionario cumplió plenamente con las disposiciones de la Regla 234 de Procedimiento Criminal y con la jurisprudencia interpretativa de la misma, al radicar la moción de supresión de evidencia; esto es, alegó hechos específicos demostrativos de la existencia de una controversia sustancial, situación que requería la celebración de una vista evidenciaria". Respetuosamente disentimos.**

I

El 25 de junio de 1999, alrededor de las 4:00 de la tarde, el agente Edgar Ramos Vializ se encontraba prestando vigilancia en el Sector La

Marina, intersección con la Calle José A. Vargas del Municipio de Aguadilla.[4] Cerca de las 4:30 de la tarde, observó a un individuo acercarse caminando al lugar y entregarle a otro una bolsa de papel, de la cual sustrajeron una bolsa plástica transparente conteniendo múltiples sobres con picadura de marihuana.[5] El individuo que llegó caminando al lugar fue identificado por el agente como el señor Luis Echevarría Arroyo.[6] Éste se fue del lugar en una grúa color rojo rotulada "El Brujo" en el cristal delantero.[7] El otro individuo, de nombre Pedro Santiago Pérez, caminó hacia un vehículo marca Oldsmobile, que estaba estacionado al final de la Calle La Marina, depositando en el asiento delantero la bolsa que le entregó el señor Luis Echevarría Arroyo.[8]

Entre las 4:00 de la tarde y las 8:00 de la noche, el agente observó por lo menos tres (3) transacciones entre el señor Pedro Santiago Pérez y otras personas que se acercaron a comprar marihuana.[9] Cada vez que se realizaba una transacción, el señor Santiago Pérez caminaba hasta el vehículo y sustraía del mismo la picadura de marihuana para venderla.[10] Alrededor de las 8:00 de la noche, el agente Ramos Vializ se retiró del lugar y no permaneció ningún otro agente del orden público vigilando el punto de drogas. El mencionado agente regresó veinticinco (25) minutos más tarde, puso bajo arresto al señor Pedro Santiago Pérez y le hizo las advertencias correspondientes sobre sus

---

[4] Apéndice del recurso de <u>Certiorari</u>, pág. 54.

[5] Íd.

[6] Íd.

[7] Íd.

[8] Íd.

[9] Íd.

[10] Íd.

derechos constitucionales.[11]  Luego de haberlo puesto bajo arresto, el agente abrió la puerta del vehículo Oldsmobile y no encontró la bolsa de papel en el asiento delantero.  Procedió entonces a registrar el vehículo, sin contar con una orden judicial, y encontró la referida bolsa de papel detrás del asiento delantero.[12]  La bolsa contenía sesenta y tres (63) sobres con picadura de marihuana.

Por esos hechos, el 29 de junio de 1999,[13] se radicó en ausencia un cargo por infracción al Artículo 401 de la Ley de Sustancias Controladas[14] contra el señor Luis Echevarría Arroyo.  Se determinó causa, se ordenó su arresto y se le impuso una fianza ascendente a la suma de cincuenta mil dólares ($50,000).[15]  El fiscal ordenó la confiscación del vehículo, la cual le fue notificada al señor Echevarría Arroyo el 21 de julio de 1999.[16]  En la vista preliminar se determinó causa probable para acusar al aquí peticionario y se señaló el juicio para el 19 de junio de 2000.[17]

El 1 de junio de 2000, el señor Echevarría Arroyo presentó una "Moción de Desestimación y Supresión de Evidencia",[18] alegando que no se había presentado evidencia sobre la distribución de narcóticos y solicitando la supresión de la evidencia, por haberse obtenido mediante un registro ilegal.  **Sin embargo, no alegó que fuera el dueño del vehículo ni que tuviera su posesión física y control al momento del**

---

[11] Íd., pág. 55.

[12] Íd.

[13] Íd., pág. 40.

[14] 24 L.P.R.A. sec. 2401.

[15] Apéndice del recurso de <u>Certiorari</u>, pág. 40.

[16] Íd., pág. 58.

[17] Íd., pág. 42.

[18] Íd., pág. 44.

**registro**. El Ministerio Público presentó "Oposición a Moción de Desestimación y Supresión de Evidencia" el 22 de junio de 2000, alegando que el registro había sido incidental al arresto y, por lo tanto, era válido. Arguyó, además, que se había presentado la prueba necesaria para sostener la acusación en esa etapa de los procedimientos.[19] El señor Echevarría Arroyo replicó, alegando que el registro no había sido incidental al arresto y que era ilegal, por lo cual era procedente la supresión de la evidencia.[20]

El 3 de agosto de 2000, el Tribunal de Primera Instancia **celebró una vista no evidenciaria**, en la cual se discutieron las mociones presentadas.[21] En dicha vista las partes argumentaron sus respectivas posiciones, y se sometió en evidencia la carta en la cual el Departamento de Justicia de Puerto Rico le informó al señor Luis Echevarría Arroyo de la confiscación del vehículo, y la declaración jurada del agente que efectuó el arresto.

Mediante resolución de 7 de agosto de 2000, el Tribunal de Primera Instancia declaró no ha lugar la solicitud de desestimación y de supresión de evidencia. En cuanto a esta última, el foro de primera instancia determinó que el señor Luis Echevarría Arroyo no tenía legitimación activa "standing" para solicitarla.[22]

Inconforme, el señor Luis Echevarría Arroyo presentó recurso de <u>Certiorari</u> y moción en auxilio de jurisdicción ante el Tribunal de Circuito de Apelaciones el 7 de septiembre de 2000.[23] Le imputó como error al foro de primera instancia el haber declarado no ha lugar la

---

[19] Íd., pág. 49.

[20] Íd., pág. 51.

[21] Íd., pág. 56.

[22] Íd., pág. 38.

[23] Íd., pág. 12.

solicitud de desestimación y la de supresión de evidencia. Mediante resolución de 5 de diciembre de 2000, notificada y archivada en autos copia de la misma el 6 de diciembre del mismo año, el tribunal intermedio apelativo denegó la expedición del auto solicitado y ordenó la continuación de los procedimientos.

El señor Luis Echevarría Arroyo recurrió oportunamente ante nos mediante recurso de <u>Certiorari</u>. Le imputó al foro intermedio apelativo la comisión de los errores siguientes:[24]

1. Incurrió en gravísimo error el Tribunal de Circuito de Apelaciones al resolver que un acusado no tiene capacidad jurídica para impugnar la actuación inconstitucional de agentes del Estado al realizar un registro ilegal en un automóvil de su propiedad por el mero hecho de no ser el dueño registral del mismo ante el Departamento de Transportación y Obras Públicas, todo ello a pesar de que la [d]efensa hizo un ofrecimiento de prueba con el peticionario a los efectos [de] que el vehículo en controversia le pertenecía a él, lo cual a su vez nunca fue impugnado, refutado y de ningún modo puesto en duda por prueba alguna ofrecida por el Ministerio Público; y sin tampoco importarle el hecho [de] que el Estado reconoció un interés propietario del acusado sobre el referido vehículo al notificarle a él su derecho a impugnar civilmente la confiscación del mismo.

2. Incurrió en gravísimo error el Tribunal de Circuito de Apelaciones al resolver que un acusado puede impugnar judicialmente la actuación ilegal de agentes del Estado en un procedimiento de confiscación de un automóvil de su propiedad pero no puede impugnar esa <u>misma</u> actuación ilegal en un procedimiento criminal que amenaza su libertad por alegada falta de capacidad jurídica, convirtiendo de esta forma a los [t]ribunales en cómplices de actos de desobediencia a nuestra Constitución.

II

La Regla 234 de Procedimiento Criminal, <u>supra</u>, establece lo siguiente:

La persona **agraviada** por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:

---

[24] Véase recurso de <u>Certiorari</u>, págs. 8-9.

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

**En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma.** El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud. De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. (Énfasis nuestro.)

Esta disposición le permite a una persona acusada de delito y sometida al rigor de un procedimiento criminal a solicitar la supresión de la evidencia ocupada por el Estado en un registro o allanamiento efectuado en forma y manera que resulta en un **agravio** y violación a su derecho y garantía constitucional a una expectativa de intimidad y privacidad en determinadas áreas, lugares y propiedades.

La Constitución de Estados Unidos y la de Puerto Rico contienen protecciones contra registros y allanamientos irrazonables del Estado

sobre las personas, sus casas, papeles y pertenencias.[25] Se llevarán a cabo registros y allanamientos de propiedad privada por parte del Estado, siempre que exista causa probable apoyada en juramento o afirmación y un juez emita una orden a esos efectos.[26] Una incautación sin orden judicial previa produce una presunción de invalidez sujeta a ciertas y limitadas excepciones, en las que figuran, entre otras, las siguientes: (1) el registro es uno incidental a un arresto legal; (2) el registro de un vehículo de motor cuando existe causa probable para creer que se transporta mercancía prohibida por ley y que la misma pueda ser destruida.[27] Un registro incidental y contemporáneo a su arresto legal no necesariamente está limitado a la persona del arrestado, sino que se extiende al área, lugar o propiedad bajo su posesión, control y alcance inmediato.[28] El registro de un automóvil es una intrusión, que la hemos considerado como menor en los derechos protegidos por la cláusula constitucional contra los registros y allanamientos irrazonables, por razón de que regularmente una persona tiene menos expectativa de intimidad y privacidad en un vehículo de motor, porque el mismo generalmente se destina a la transportación, y raras veces sirve de depósito de efectos o pertenencias.[29] El propósito de estos derechos y garantías constitucionales es el de proteger la esfera de la vida privada e intimidad de los ciudadanos frente a las actuaciones

---

[25] Véase Enmienda Cuarta de la Constitución de Estados Unidos, Documentos Históricos, 1 L.P.R.A., Emda. Art. IV, pág. 182, y el Artículo II, Sección 10 de la Constitución de Puerto Rico, Documentos Históricos, 1 L.P.R.A., Art. II, Sec. 10, págs. 310-311.

[26] Íd.
[27] Pueblo v. Rivera Rivera, 117 D.P.R. 283 (1986); Pueblo v. Costoso Caballero, 100 D.P.R. 147 (1971).

[28] Íd.

[29] Íd. Nótese, que de la declaración jurada del agente del orden público que intervino surge que el vehículo de motor en cuestión estaba siendo utilizado para depositar la mercancía prohibida por ley.

del Estado.[30] La Constitución de Puerto Rico dispone expresamente que la evidencia obtenida en violación a dicha garantía constitucional no será admisible en los tribunales.[31]

La historia y propósitos de la Cuarta Enmienda de la Constitución de Estados Unidos, antecesora y concordante del Artículo II, Sección 10 de la de Puerto Rico, salvaguardan la vida íntima y la santidad del hogar, pero no defiende el derecho de propiedad; protege seres humanos, no lugares. Lo determinante para activar esta protección constitucional, es si existe algún interés personal sobre el objeto del allanamiento, registro o incautación, de modo que exhiba una expectativa de intimidad. Dicha garantía constitucional está orientada a proteger a la persona, en su intimidad en el hogar o propiedad, frente al abuso de poder del Estado. Se trata de proteger la intimidad de las personas. Se refiere a aquella expectativa de privacidad que la persona tiene en una propiedad.[32] El Tribunal Supremo de Estados Unidos, siguiendo este criterio, consistentemente ha descartado barreras ficticias y procesales erigidas sobre conceptos propietarios.[33]

En el año 1951, en Pueblo v. Monzón[34] nos reafirmamos, siguiendo la doctrina prevaleciente en los tribunales federales, que la garantía constitucional contra registros ilegales es un derecho personal del poseedor u ocupante de la propiedad registrada, y que no habiéndose alegado en la moción sobre supresión y devolución de evidencia que los

---

[30] Pueblo v. Yip Berríos, 142 D.P.R. 386 (1997).

[31] Véase Artículo II, Sección 10, de la Constitución de Puerto Rico, supra.

[32] Pueblo v. Ortiz Rodríguez, res. el 29 de enero de 1999, 99 TSPR 9, 147 D.P.R. ___ (1999), 99 J.T.S. 8; Pueblo v. Pérez Narváez, 130 D.P.R. 618, 623 (1992); Pueblo v. Vargas Delgado, 105 D.P.R. 335, 338 (1976).

[33] Íd.; Schneckloth v. Bustamante, 412 U.S. 218, 242 (1973); Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 301, 304 (1967).

acusados, allí peticionarios ante nos, estuvieran en posesión y control de la propiedad registrada, no se violó ningún derecho constitucional que ellos pudieran tener y, por consiguiente, no podían atacar la validez del registro de la propiedad en posesión de otro, ni solicitar la supresión de la evidencia así obtenida.

Las referidas garantías constitucionales, así como la solicitud de supresión de evidencia, no puede ser utilizada por todo acusado. Es necesario que éste posea legitimación activa ("standing") para así hacerlo. Para poder invocar la garantía constitucional contra registros, allanamientos e incautaciones irrazonables, es necesario que la persona tenga una expectativa razonable de intimidad en el lugar, objeto o propiedad registrada.[35]

El Tribunal Supremo de los Estados Unidos, al resolver controversias relacionadas con la violación a la Enmienda Cuarta de la Constitución Federal, ha establecido que para tener legitimación activa ("standing") es necesario que: (1) la invoque la persona que sufrió el **agravio**; (2) **que dicha persona tenga una expectativa de intimidad sobre el lugar registrado**; o (3) que la persona tenga un interés propietario sobre el lugar u objeto registrado.[36] No obstante, el hecho de que una persona tenga un interés propietario sobre el objeto o lugar registrado no le otorga necesariamente legitimación activa ("standing") para solicitar la supresión de la evidencia ocupada.[37] Es necesario que la persona, además, posea una expectativa razonable de que el Estado no intervendría con el lugar registrado o, en otras

---

[34] 72 D.P.R. 72, 74 (1951).

[35] Pueblo v. Yip Berríos, supra; Pueblo v. Ramos Santos, 132 D.P.R. 363 (1992); Pueblo v. Dolce, 105 D.P.R. 422 (1976).

[36] Alderman v. U.S., 89 S. Ct. 961 (1969); Rakas v. Illinois, 99 S. Ct. 421 (1978); U.S. v. Padilla, 113 S. Ct. 1936 (1993).

[37] U.S. v. Salvucci, 100 S. Ct. 2547 (1980).

palabras, que abrigue una expectativa razonable de intimidad.[38] El interés propietario es un elemento a tomarse en consideración al determinar si el promovente de la moción de supresión de evidencia tiene legitimación activa ("standing").[39] No obstante, no es determinante si no tiene, además del interés propietario, una expectativa razonable de intimidad en el lugar o propiedad registrada. No se configura la legitimación activa ("standing") para ello, pues no es acreedor de esa protección constitucional.[40]

En repetidas ocasiones hemos resuelto que para disfrutar de la protección constitucional contra registros e incautaciones irrazonables de la Constitución de Puerto Rico, es necesario abrigar una expectativa razonable de intimidad sobre el lugar, objeto o propiedad registrada por el Estado.[41] La determinación de si una persona tiene una expectativa razonable de intimidad sobre un determinado lugar, objeto o propiedad hay que realizarla caso a caso. Para ello, es necesario hacer un balance de los intereses en juego.[42] **Los hechos particulares de cada caso son esenciales para determinar si al promovente de una moción de supresión de evidencia le asistía la protección constitucional al momento del registro.** Hemos establecido los criterios que deben ser considerados al momento de

---

[38] Rakas v. Illinois, supra; U.S. v. Salvucci, supra; Rawlings v. Kentucky, 100 S. Ct. 2556 (1980).

[39] U.S. v. Salvucci, supra; Rawlings v. Illinois, supra.

[40] Íd.

[41] Pueblo v. Bonilla, res. el 7 de octubre de 1999, 99 T.S.P.R. 151, 149 D.P.R. _____ (1999), 99 J.T.S. 157; Pueblo v. Camilo Meléndez, res. el 16 de junio de 1999, 99 T.S.P.R. 94, 148 D.P.R. ___ (1999), 99 J.T.S. 96; Pueblo v. Ramos Santos, 132 D.P.R. 363 (1992); Pueblo v. Rivera Colón, 128 D.P.R. 672 (1991); Pueblo v. Castro Rosario, 125 D.P.R. 164 (1990); Pueblo v. Malavé González, 120 D.P.R. 470 (1988); Pueblo v. Monzón, 72 D.P.R. 72 (1951).

[42] Pueblo v. Camilo Meléndez, supra.

determinar si una persona tiene una expectativa de intimidad razonable y suficiente para hacerlo acreedor de la referida garantía constitucional.[43] Los factores establecidos son los siguientes: (1) el lugar registrado o allanado; (2) la naturaleza y grado de la intrusión en la intervención; (3) el propósito u objetivo de la intervención; (4) si la conducta de la persona era indicativa de una expectativa subjetiva de intimidad; (5) la existencia de barreras físicas que restrinjan la entrada o visibilidad del lugar registrado; (6) la cantidad de personas que tienen acceso legítimo al lugar registrado; y (7) las inhibiciones sociales relacionadas con el lugar registrado.[44]

III

El Artículo 4 de la Ley Uniforme de Confiscaciones,[45] dispone lo siguiente:

> La notificación se hará en forma fehaciente dentro de quince (15) días a partir de la entrega del informe redactado por los Oficiales del Orden Público relacionado con la investigación requerida por las secs. 5001 et seq. del Título 9, conocidas como "Ley para la Protección de la Propiedad Vehicular", y **su envío se hará por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada.** (Énfasis nuestro.)
>
> ...

Recientemente, tuvimos la oportunidad de interpretar dicho estatuto. Resolvimos, en Negrón v. Srio. de Justicia,[46] que el propósito del requisito de la notificación de una confiscación es

---

[43] Pueblo v. Camilo Meléndez, supra; Pueblo v. Rivera Colón, supra.

[44] Íd.

[45] 34 L.P.R.A. sec. 1723b.

[46] Res. el 2 de mayo de 2001, 2001 T.S.P.R. 63, 154 D.P.R. ___ (2001), 2001 J.T.S. 66.

brindarle la oportunidad **al dueño, al que se considere dueño, al encargado, o al que tenga algún interés o derecho sobre la propiedad confiscada para que exponga las defensas válidas en contra de la confiscación.** La razón detrás de la enunciada norma es garantizar que no se prive a los ciudadanos de su propiedad sin un debido proceso de ley.

¿Reconoció el Estado un interés sobre el vehículo confiscado al aquí peticionario cuando le notificó la confiscación? Contestamos dicha interrogante en la afirmativa. El procedimiento establecido en el referido estatuto dispone que el funcionario que realiza la confiscación deberá notificar la ocupación al dueño, al que se considere dueño o a cualquier persona con interés en la propiedad, como lo es el acreedor condicional o hipotecario. A esos efectos, el Artículo 3 de la Ley Uniforme de Confiscaciones[47] dispone lo siguiente:

> (1) ...
>
> (2) El funcionario bajo cuya autoridad se efectúa la ocupación o la persona en la que él delegue notificará el hecho de la ocupación y la tasación o valor estimado de la propiedad ocupada a las personas siguientes:
>
> **(a) Aquellas que por las circunstancias, información y creencia, el funcionario considere como dueños,** y
>
> (b) en los casos de vehículos de motor, se notificará además al dueño según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para ser archivado. Además, en los casos que aplique, se notificará al acreedor hipotecario de un vehículo de motor cuando se haya cumplido con lo dispuesto en la sec. 1874 del Título 30. (Énfasis nuestro.)
>
> ...

Al examinar estas disposiciones estatutarias, nos percatamos y puntualizamos que **dirigen la notificación hacia el dueño del bien confiscado o aquella persona que el Estado entiende y reconoce como**

---

[47] 34 L.P.R.A. sec. 1723a.

**que es el dueño o tiene un interés legítimo sobre la propiedad confiscada.** Esta conclusión encuentra su fundamento en la interpretación armónica e integral de las diferentes disposiciones contenidas en el estatuto.

Resulta forzoso concluir que, una vez realizada la notificación de la confiscación a un ciudadano, el Estado le reconoce a la persona notificada un interés sobre la propiedad confiscada, en alguna de las situaciones establecidas en el referido estatuto. Negrón v. Srio. de Justicia, supra.

Ahora bien, ¿qué efecto tiene la notificación de la confiscación del referido vehículo al aquí peticionario sobre su alegado derecho a presentar una moción de supresión de la evidencia ocupada en el mismo? Veamos.

Ciertamente, el Estado le reconoció al aquí peticionario un interés legítimo sobre el bien mueble confiscado. El hecho de que le haya sido reconocido tal interés sobre dicho bien, sólo configura uno de los elementos a considerarse por la autoridad judicial, a los efectos de si está presente la protección constitucional aludida. No le confiere por sí solo el derecho para solicitar la supresión de la evidencia ocupada. El ser propietario de un vehículo de motor no necesariamente implica que se tenga una expectativa de intimidad en el mismo. Además de ser el dueño, hay que tener la posesión, control y alcance inmediato de esa propiedad y una creencia razonable de que el Estado no intervendrá con la misma. Es necesario que el promovente esté efectivamente protegido por la garantía constitucional contra registros e incautaciones irrazonables, por albergar una expectativa razonable de intimidad sobre la propiedad o lugar intervenido.[48] Por

---

[48] Pueblo v. Bonilla, supra; Pueblo v. Camilo Meléndez, supra; Pueblo v. Ramos Santos, supra; Pueblo v. Rivera Colón, supra; Pueblo v. Castro

lo tanto, la mera notificación de la confiscación del vehículo no le confiere por sí solo el derecho al aquí peticionario para solicitar la supresión de la evidencia.


IV

La Regla 234 de Procedimiento Criminal, supra, establece que **en la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma**. Del historial legislativo de la Ley Núm. 65 de 5 de julio de 1988, la cual enmendó la antes mencionada regla para incluir esa disposición, surge que el propósito del estatuto fue evitar las dilaciones innecesarias del proceso judicial que provocan la presentación, por parte de los imputados de delito, de mociones sin fundamentos legales legítimos.

En el caso de Pueblo v. Maldonado, Rosa,[49] resolvimos que debido a la enmienda realizada a la Regla 234 de Procedimiento Criminal, supra, cuando no se alegan de manera específica y detallada los hechos en que fundamenta la solicitud de supresión de la evidencia ocupada, se puede disponer de la misma sin necesidad de celebrar vista para discutirla. El Tribunal de Primera Instancia puede disponer de una moción de supresión de evidencia, sin la celebración de una vista evidenciaria, cuando de las alegaciones de la misma surja que el promovente no tiene derecho a solicitar la supresión.[50]

---

Rosario, supra; Pueblo v. Malavé González, supra; Pueblo v. Monzón, supra.

[49] 135 D.P.R. 563 (1994).

[50] E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Primera Reimpresión, Editorial Forum: San Juan, 1995.

En Pueblo v. Blase Vázquez[51] resolvimos que el Tribunal está obligado a celebrar una vista evidenciaria para discutir una moción de supresión de evidencia, cuando en la misma se alega que el Estado no tenía una orden para registrar determinado lugar u objeto. En dicha vista, el Ministerio Público tiene que demostrar las razones justificadas para realizar el registro sin orden, ya que el mismo se presume inválido.[52] No obstante, esta obligación del Estado se activa una vez el promovente alega al Tribunal, en forma específica y detallada, que tenía una expectativa personal razonable de intimidad en el lugar u objeto registrado y cómo fue **agraviado** por el Estado. Veamos.

La Regla 234 de Procedimiento Criminal, supra, establece las circunstancias bajo las cuales procede la supresión de la evidencia. Alegar en la moción una de esas circunstancias, en ausencia de hechos específicos que configuren el **agravio** sufrido que lo habilita y capacita para utilizar el mecanismo allí dispuesto, no es suficiente para mover la maquinaria judicial a celebrar una vista para discutir la moción, según expusimos en Pueblo v. Maldonado, Rosa, supra. Es imperativo que se le presente al Tribunal de Primera Instancia un caso prima facie de registro irrazonable, por haber infringido la garantía del solicitante a su expectativa razonable de intimidad. Para ésto, es necesario alegar en la moción, de manera específica y detallada, aquellos hechos que hacen acreedor al promovente de la solicitud de supresión de evidencia por tener una expectativa razonable de intimidad en el lugar registrado. Ciertamente, esos hechos son los que configuran la legitimación activa del promovente, ya que en ausencia

---

[51] Res. el 23 de junio de 1999, 99 T.S.P.R. 98, 148 D.P.R. ___ (1999), 99 J.T.S. 100.

[52] Íd.

de expectativa razonable de intimidad no hay protección constitucional y, por ende, no procede la supresión de la evidencia, por no existir el **agravio** contemplado en la Regla 234 de Procedimiento Criminal, supra, que le permite levantar tal pedimento. Para poder presentar válidamente una moción de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal, supra, es imperativo que éste cumpla con lo antes indicado. De lo contrario, tal moción no descansaría ni se apoyaría sobre tal **agravio**, y tendría que ser declarada no ha lugar sin mayor consideración.

De los hechos de este caso surge que el vehículo de motor que fue objeto de registro, por parte del agente del orden público, no está inscrito a nombre del señor Luis Echevarría Arroyo en el Departamento de Transportación y Obras Públicas. No obstante, el Departamento de Justicia le reconoció un interés sobre el referido vehículo al notificarle su confiscación. La declaración jurada del agente del orden público ubica por solo unos minutos al señor Echevarría Arroyo en los alrededores del vehículo registrado. Sin embargo, de dicho documento surge que el vehículo de motor registrado se encontraba bajo el control, posesión y alcance inmediato del señor Pedro Santiago Pérez. De ahí se desprende que quien podía tener, como acusado, legitimación activa para solicitar la supresión de la evidencia ocupada, como consecuencia del registro del referido vehículo, era el señor Santiago Pérez. El aquí peticionario no alegó, en forma específica y detallada, en su moción de supresión de evidencia los hechos particulares que configuran su expectativa de intimidad en el vehículo registrado y la forma en que el Estado se la infringió y, por ende, lo **agravió**. No especificó en qué forma él mantenía la posesión, control y alcance inmediato sobre el vehículo registrado. En la referida moción de supresión de evidencia, el promovente se apoyó en

el hecho de que el registro fue ilegal, porque se realizó sin orden. Si bien es cierto que un registro sin orden se presume ilegal, no procede la consideración por el Tribunal de Primera Instancia de la moción de supresión de evidencia, si la misma padece de ausencia total de alegaciones fácticas que demuestren de su faz que el promovente tenía una expectativa razonable de intimidad en la propiedad registrada, o sea, que era acreedor de la protección constitucional y, por lo tanto, tiene legitimación activa para interponer la moción. Al no hacerlo, no colocó al Tribunal de Primera Instancia en posición de continuar con la consideración y atención de la moción de supresión de evidencia. Surge de la minuta de la vista celebrada, que el aquí peticionario arguyó, como elemento para acreditar su legitimación activa, que el Estado le notificó de la confiscación del vehículo.

El efecto práctico de lo que la Mayoría resuelve, es que tiene legitimación activa para presentar una moción de supresión de evidencia ocupada o incautada en un registro a un vehículo de motor aquel acusado que el Estado reconoció prima facie, cuando menos, como "dueño" o como una persona con "derecho o interés" sobre el mismo en un procedimiento de confiscación, aunque no alegue, ni mucho menos demuestre, que al momento de tal registro tenía su posesión, control y alcance inmediato. Con profundo respeto, no compartimos tal óptica. Somos del criterio que la Mayoría está extendiendo el disfrute de un derecho y garantía constitucional a un acusado, que no le asiste. De decretarse con lugar por el Tribunal de Primera Instancia lo que el peticionario pretende, se estaría suprimiendo la evidencia ocupada en una propiedad que del expediente de autos surge que estaba bajo la posesión, control y alcance inmediato de otra persona. Se estaría beneficiando de la intervención ilegal y el agravio por el Estado a otra persona a su derecho a la privacidad e intimidad.

V

Por los fundamentos antes expuestos, confirmaríamos la resolución recurrida, emitida por el Tribunal de Circuito de Apelaciones, así como aquella dictada por el Tribunal de Primera Instancia, por entender que no erró este último al declarar no ha lugar la moción de supresión de evidencia por falta de legitimación activa de su promovente.


Efraín E. Rivera Pérez
Juez Asociado